# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SCOTT SWAIN, *et al.* | |
| Plaintiffs, | |
| v. | C.A. No. 1:17-cv-00071-RGA |
| WILMINGTON TRUST, N.A. as successor to Wilmington Trust Retirement and Institutional Services Company, | |
| Defendant. | |

## DEFENDANT WILMINGTON TRUST N.A.'S REPLY IN FURTHER SUPPORT OF ITS MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION <u>AND FOR FAILURE TO STATE A CLAIM</u>

Dated: June 2, 2017

OF COUNSEL:
GROOM LAW GROUP, CHARTERED

Michael J. Prame (*pro hac vice*)
Lars C. Golumbic (*pro hac vice*)
Natasha S. Fedder (*pro hac vice*)
Andrew D. Salek-Raham (*pro hac vice*)
1701 Pennsylvania Ave., N.W., Suite 1200
Washington, D.C. 20006
Telephone:  (202) 857-0620
mprame@groom.com
lgolumbic@groom.com
nfedder@groom.com
asalek-raham@groom.com

MORRIS JAMES LLP

Clark Collins (#739)
Albert Manwaring (#4339)
500 Delaware Avenue, Suite 1500
Wilmington, DE 19801
Telephone:  (302) 888-6868
pcollins@morrisjames.com
amanwaring@morrisjames.com

*Attorneys for Defendant Wilmington Trust, N.A.*

### TABLE OF CONTENTS

ARGUMENT .......................................................................................................................... 1

    A.  The Court Lacks Subject Matter Jurisdiction .................................................... 1

        1.  Plaintiffs Have Not Demonstrated an Injury in Fact .................................... 1

        2.  Plaintiffs Have Not Alleged a Real and Immediate Threat of Future Injury ............. 6

    B.  Plaintiffs Failed to State a Plausible Prohibited Transaction Violation ........................... 7

        1.  Plaintiffs Fail to Plausibly Allege a Violation of ERISA Section 406(a) .................. 7

        2.  Plaintiffs Fail to Plausibly Allege a Violation of ERISA Section 406(a)(1)(E) ......... 8

        3.  Plaintiffs Fail to Plausibly Allege a Violation of ERISA Section 406(b) .................. 9

CONCLUSION ................................................................................................................... 10

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585 (8th Cir. 2009) .................................................... 6

*Brundle v. Wilmington Trust, N.A.*, No. 1:15-cv-1494, 2016 WL 6542718 (E.D. Va. Nov. 3, 2016)...................................................................................................................................... 9

*Brundle v. Wilmington Trust, N.A.*, No. 1:15-cv-1494, 2017 WL 979106 (E.D. Va. Mar. 13, 2017)..................................................................................................................................... 10

*Dorley v. S. Fayette Twp. Sch. Dist.*, 129 F. Supp. 3d 220 (W.D. Pa. 2015)................................. 9

*Edmonson v. Lincoln Nat. Life Ins. Co.*, 777 F. Supp. 2d 869 (E.D. Pa. 2011)............................ 5

*Focus on the Family v. Pinellas Suncoast Transit Auth.*, 344 F.3d 1263 (11th Cir. 2003) ........... 3

*Lewis v. Continental Bank Corp.*, 494 U.S. 472 (1990) ............................................................... 3

*Perelman v. Perelman*, 919 F. Supp. 2d 512 (E.D. Pa.), *aff'd* 793 F.3d 368 (3d Cir. 2015).......... 4

*Spencer v. Kemna*, 523 U.S. 1 (1998).......................................................................................... 3

*Spokeo, Inc. v. Robins*, 136 S. Ct. 1540 (2016), *as revised* (May 24, 2016) ........................ 1, 4, 5

*Summers v. Earth Island Inst.*, 555 U.S. 488 (2009) .................................................................... 6

*Werner v. Primax Recoveries, Inc.*, 365 Fed. App'x 664 (6th Cir. 2010) .................................... 7

*ZF Meritor, LLC v. Eaton Corp.*, 696 F.3d 254 (3d Cir. 2012)................................................. 6, 7

**Statutes**

ERISA § 406(a), 29 U.S.C. § 1106(a) .......................................................................................... 7

ERISA § 406(b)(2), 29 U.S.C. § 1106(b)(2).................................................................................. 9

ERISA § 406(b)(3), 29 U.S.C. § 1106(b)(3)................................................................................ 10

ERISA § 407(b), 29 U.S.C. § 1107(b).......................................................................................... 8

**Regulations**

26 C.F.R. § 1.401–1(a)(3)............................................................................................................ 9

**Other Authorities**

I.R.S. IRM 4.72.4.3.6, 2006 WL 5223497 (Apr. 1, 2006)............................................................. 2

Wilmington Trust[1] hereby replies to Plaintiffs' Answering Brief in Opposition to Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction and Failure to State a Claim. D.I. 14, ("Pls.' Br.").

## ARGUMENT

### A.     The Court Lacks Subject Matter Jurisdiction.

In *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540 (2016), *as revised* (May 24, 2016), the Supreme Court concluded that, at the pleading stage, a plaintiff is required to "clearly . . . allege facts demonstrating" that he/she personally suffered an injury in fact. Plaintiffs' Complaint falls well short of satisfying this requirement. *Id.* at 1547 (citation omitted).

### 1.     Plaintiffs Have Not Demonstrated an Injury in Fact.

The Complaint repeatedly references "the Plan" overpaying for ISCO stock, causing "losses to the Plan." *See, e.g.*, D.I. 1, ("Compl.") ¶¶ 42, 58. Absent, however, are allegations demonstrating that Messrs. Swain and Fioriti personally suffered an injury in fact.

Like their Complaint, Plaintiffs' opposition attacks the ESOP Transaction in general terms and fails to demonstrate any actual injury to Messrs. Swain and Fioriti. *See* Pls.' Br. 9-12. Plaintiffs avoid engaging in a discussion of their own financial interest in the Plan on the day that the challenged Transaction occurred (December 20, 2012) because, in short, Plaintiffs had no such interest. Plaintiffs concede that no shares were allocated to their own ESOP accounts until December 31, 2012—eleven days *after* the Transaction. *See id.* at 13. As Plaintiffs lacked a financial interest in the Plan on the date of the Transaction, they cannot establish a particularized and concrete personal injury in connection with the Transaction.

---

[1] Unless otherwise noted, capitalized terms used herein have the same meaning ascribed to them in Defendant's Opening Brief, D.I. 11 ("Def.'s Br.").

In their opposition, Plaintiffs argue that they nonetheless satisfy the Article III standing requirement because Wilmington Trust "was responsible, as Trustee, for the stock valuation and authorization of the transaction that Plaintiffs allege caused losses to their accounts." *Id.* at 9. [2] Plaintiffs fail to cite to any paragraph in their Complaint in which they make this statement. Even assuming that the Complaint can be read to allege as much, the allegation relates to whether any injury is "fairly traceable" to Wilmington Trust's conduct, which is a separate element of standing analysis that Wilmington Trust does not challenge in its Motion. *Id.* at 8. The allegation does not connect the dots to demonstrate how Plaintiffs were injured.

Plaintiffs also argue that their allegation that they are ESOP participants with accounts holding ISCO shares proves their standing. *Id.* 9. Plaintiffs' argument appears to be premised on the theory that Plan participants were entitled to shares of ISCO stock upon the closing of the Transaction. But that simply was not the case. As the Transaction was a fully leveraged acquisition, Plaintiffs could only receive shares in the future as ISCO made contributions to the ESOP, which contributions, in turn, the ESOP used to pay down the loan that the ESOP took from ISCO to finance the ESOP's purchase of the new ISCO stock. *See* I.R.S. IRM 4.72.4.3.6, 2006 WL 5223497 (Apr. 1, 2006) (requiring that, where stock is acquired with proceeds from an ESOP loan, shares are put "in a suspense account to be allocated to participant accounts as the loan is paid off by employer contributions"); Kirchdorfer Decl., D.I. 12, Ex. A, Plan Document § 5.4 ("Company Stock purchased with the proceeds of a Loan will be held in a Suspense Account

---

[2]  Plaintiffs mischaracterize the Transaction as one in which the former shareholders "passed" their stock to ISCO, which, in turn, "converted" it to newly issued common stock, which was then "passed" to the ESOP.  Pls.' Br. 5.  The Loan Agreement that Plaintiffs cite clearly describes that ISCO entered into two separate transactions, one in which it "redeemed" (*i.e.*, purchased back) the stock held by the former shareholders; and a second transaction in which ISCO sold new stock to the ESOP.  *Id.*

pending the release from the pledge and reallocation to Company Stock Accounts as the Loan is paid.").

Plaintiffs' own account statements establish that, following the Transaction, ISCO made contributions to the ESOP over time, those contributions were returned to ISCO in the form of loan payments, ISCO shares then were released from the suspense account each December 31, and the released shares then were allocated to Plaintiffs' individual ESOP accounts. Plaintiffs cannot point to any shares that they held—or were entitled to hold—in their individual ESOP accounts as of the Transaction date that could have sustained a loss. Simply put, as Plaintiffs had no financial interest as of the Transaction date, they had nothing to lose.

Plaintiffs also argue that the Court should not consider the absence of a personalized injury as of the date of the Transaction because "standing is determined as of the date the plaintiff filed the complaint." Pls.' Br. 9; 12-13. This argument directly conflicts with Plaintiffs' argument elsewhere in their brief that the Court must calculate damages as of the date of the Transaction. *Id.* at 10 ("Losses are not mitigated by a post-transaction rise in value, as they are measured as of the transaction date."). Furthermore, the Article III requirement must be satisfied at all times that the action is pending, not just upon the filing of the complaint. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) ("This case-or-controversy requirement subsists through all stages of federal judicial proceedings . . . . This means that, throughout the litigation, the plaintiff must have suffered, or be threatened with, an actual injury traceable to the defendant.") (quoting *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-78 (1990)) (internal quotations omitted).[3]

---

[3] The single case Plaintiffs cite, *Focus on the Family v. Pinellas Suncoast Transit Auth.*, 344 F.3d 1263, 1275 (11th Cir. 2003), does not support their argument that standing is only measured as of the date the complaint is filed. There, the Eleventh Circuit addressed a plaintiff's standing to sue for prospective injunctive or declaratory relief, making the unremarkable point that a court must satisfy itself at the outset of the litigation that the plaintiff has standing. *Id.*

Here, Plaintiffs did not suffer an injury as a result of the Transaction *at any time* and, therefore, they do not have standing to challenge the propriety of the Transaction. *See* Def.'s Br. 10-15.  Plaintiffs never had a right to, nor were they ever allocated, shares of ISCO unencumbered by the debt needed to initially purchase the shares from ISCO.  And, to the extent Plaintiffs argue that the value of the shares that were subsequently allocated to their ESOP account was negatively impacted by the structure of the Transaction, *see* Pls.' Br. 10, the argument not only conflicts with their other argument that the Court is required to calculate damages as of the date of the Transaction, but also fails to account for the substantial increase in the value of the shares between the time of the allocation to Plaintiffs' account and the filing of the Complaint.  Def.'s Br. 6-7.  Plaintiffs do not dispute the extent to which their account values have increased since 2012, as described in Wilmington Trust's Opening Brief.  Plaintiffs have not alleged any basis for concluding that they suffered any injury as a result of the Transaction.

In their opposition, Plaintiffs also cite to their ability under ERISA to "seek losses to the Plan" as a result of the alleged "stock overpayment and excessive loan."  Pls.' Br. 10.  Whether Plaintiffs have standing under ERISA to seek relief on behalf of the ISCO ESOP is a question separate from whether they have Article III standing:  while statutory standing is necessary, Plaintiffs must also demonstrate Article III standing. *Spokeo*, 136 S. Ct. at 1549 (holding that a plaintiff does not "automatically satisf[y] the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right"); *Perelman v. Perelman*, 919 F. Supp. 2d 512, 517 (E.D. Pa.), *aff'd* 793 F.3d 368 (3d Cir. 2015) (holding that a plan participant must have standing under ERISA and Article III).

Plaintiffs further theorize that Wilmington Trust has overlooked that "in private company ESOP cases, damages are measured by the difference between what the plan paid for company

4

stock and the stock's fair market value." Pls.' Br. 9.  Wilmington Trust did not overlook that issue.  Plaintiffs have not established that they suffered an injury in fact on the Transaction date based on any theory.  They first must satisfy the Court that they have standing under some theory before there can be any merits discussion on the possible measure of damages.  *See Edmonson v. Lincoln Nat. Life Ins. Co.*, 777 F. Supp. 2d 869, 878 (E.D. Pa. 2011).

In a final effort to salvage their claims from dismissal, Plaintiffs resort to a parade of horribles argument, proclaiming that an adverse ruling would foreclose participant ERISA claims arising out of "*nearly all* ESOP transactions"  Pls.' Br. 13 (emphasis in original).  According to Plaintiffs, ESOP transactions often take place prior to the last day of the plan year, which is when, in their view, the share allocations "always" occur.  *Id.*  But Plaintiffs' concern is unfounded.  Ruling for Wilmington Trust would not foreclose future lawsuits arising out of ESOP transactions.  Plaintiffs' inability to establish an injury in fact in *this particular* ESOP transaction is a function of the transaction's debt structuring and the ESOP's particular allocation schedule.  Not every ESOP transaction is structured this way.  In some transactions, for example, the transaction is not fully leveraged and the ESOP uses an existing cash supply to purchase the stock and allocate shares to participants.  In such a scenario, the injury analysis may well result in a different conclusion.

Conversely, allowing Plaintiffs who were not personally impacted by the Transaction to maintain a lawsuit simply because they are now Plan participants to whom ISCO shares were subsequently allocated would be inconsistent with the "traditional understanding of a case or controversy" that underlies the standing to sue doctrine.  *Spokeo*, 136 S. Ct. at 1547.  Plaintiffs contributed nothing in connection with the ESOP's purchase of ISCO stock, nor did they incur

any personal obligation to repay the debt that allowed the ESOP to obtain those shares.  They have suffered no injury whatsoever, let alone a concrete and particularized one.

Finally, concluding that the participants lack standing does not mean that similar transactions may not be challenged.  The United States Department of Labor, the federal agency charged with enforcing ERISA, could bring prohibited transaction claims.  In 2016, however, following a comprehensive review, the Department closed its investigation of the ISCO ESOP and did not find that the Transaction violated ERISA as Plaintiffs claim.  Def.'s Br. 6-7.

> **2.     Plaintiffs Have Not Alleged a Real and Immediate Threat of Future Injury.**

Plaintiffs also lack standing to seek injunctive or declaratory relief because they failed to allege facts showing that they face a real and immediate threat of future harm.  *Id.* at 13-14.  In their response, Plaintiffs argue that, because they "proved their constitutional standing to bring their claims," they "do not have an additional standing burden on each or any request for relief to the Plan in their Prayer for Relief."  Pls.' Br. 14.  Their argument fails for two reasons.

First, the argument is at odds with the governing case law, which is clear that, "[a] plaintiff bears the burden of establishing that he has Article III standing for each type of relief sought."  *ZF Meritor, LLC v. Eaton Corp.*, 696 F.3d 254, 301 (3d Cir. 2012) (citing *Summers v. Earth Island Inst.*, 555 U.S. 488, 493 (2009)).  Second, Plaintiffs misstate the Eighth Circuit's holding in *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 592 (8th Cir. 2009).  According to Plaintiffs, the Eighth Circuit held that "the 'question of constitutional standing' is a 'separate question' from the 'relief [that] may be had' under an ERISA cause of action."  Pls.' Br. 14 (citing *Braden*, 588 F.3d at 592).  This is not what the decision states.  The full quote describes:

> Whether Braden may pursue claims on behalf of the Plan at all is a question of constitutional standing *which turns on his personal injury.* Whether relief may be had for a certain period of time is a separate question, and its answer turns on the cause of action Braden asserts.

*Id.* (emphasis added).  The Eighth Circuit found that the plaintiff satisfied Article III's requirement because—unlike Plaintiffs here—he had successfully "alleged injury to his own Plan account," and the question of whether he might recover for the period before he personally suffered injury turned on "whether [ERISA section 502(a)] properly can be understood as granting persons in the plaintiff's position a right to judicial relief.'"  *Id.  Braden* did not hold, as Plaintiffs argue, that Plaintiffs need not establish injury in fact for each form of relief they seek.

Plaintiffs also attempt to leverage other allegations in their Complaint into a possible threat of future injury.  First, they theorize that, because they "allege Defendant engaged in and caused prohibited transactions" *in the past*, "there is a threat that could happen again."  Pls.' Br. 16.  They further argue that Wilmington Trust is continuing to receive consideration for its services as trustee, and insist that their Complaint alleges continuing harm "because their accounts are less valuable than if the Plan had paid fair market value, and as the Plan pays an excessive 25-year loan."  *Id.*  Finally, Plaintiffs cite repeatedly to the *Brundle* decision and argue that, because the trial court has entered a non-final judgment holding Wilmington Trust liable on prohibited transaction claims related to a different ESOP, the risk to Plaintiffs is "accentuated to the extent [Defendant] may be considered a serial offender."  Pls.' Br. 16.

Plaintiffs' arguments amount to nothing more than speculation and are insufficient to demonstrate "the significant possibility of future harm," *Werner v. Primax Recoveries, Inc.*, 365 Fed. App'x 664, 668 (6th Cir. 2010) (citations omitted), or a "real or immediate threat that the plaintiff will be wronged again[.]"  *ZF Meritor*, 696 F.3d at 301.  Neither Plaintiffs' case law nor their arguments establish that they have standing to seek injunctive or declaratory relief.

**B.      Plaintiffs Failed to State a Plausible Prohibited Transaction Violation.**

**1.      Plaintiffs Fail to Plausibly Allege a Violation of ERISA Section 406(a).**

ERISA section 406(a), 29 U.S.C. § 1106(a), prohibits certain, "Transactions between [a] plan and [a] party in interest." Wilmington Trust argued that the Plaintiffs' Complaint failed to (a) identify the statutory category of "party in interest" that purportedly transacted with the ESOP, and (b) plead any facts in support of such categorization. Def.'s Br. 16.

Plaintiffs' opposition brief fares no better than its Complaint. To identify the party in interest category, Plaintiffs ask the Court to connect the dots between the allegations in their Complaint, Wilmington Trust's opening brief and exhibits, and ERISA's statutory language. Pls.' Br. 18-19. The contents of the latter sources are of no moment as this Motion tests the sufficiency of the Complaint alone. Plaintiffs cannot point to anything in their Complaint other than conclusory, vague allegations that "ISCO and/or its prior owner(s)" sold stock to the ESOP, and "[t]he sale was seller-funded by a $98,000,000 loan from ISCO to the Plan to be used to buy ISCO stock." Compl. ¶¶ 5, 31. Plaintiffs have pleaded no facts in support of these conclusions, and their citations to documents outside of their Complaint underscore their failure to do so.[4]

### 2.   Plaintiffs Fail to Plausibly Allege a Violation of ERISA Section 406(a)(1)(E).

As explained in Wilmington Trust's opening brief, ERISA section 407(b), 29 U.S.C. § 1107(b), exempts ESOPs from ERISA section 406(a)(1)(E)'s prohibition that a fiduciary "shall not cause the plan to engage in a transaction, if he knows or should know that such transaction constitutes a direct or indirect . . . acquisition, on behalf of the plan, of any employer security or employer real property in violation of [ERISA § 407(a)]." Def.'s Br. 15. In their opposition, Plaintiffs only take issue with the Plan's status as a tax-qualified plan, based on their allegation that, "the Internal Revenue Service had not issued a determination that the Plan is qualified under

---

[4] Plaintiffs incorrectly assert that Wilmington Trust argued that Plaintiffs are "required to plead around its section 408 affirmative defenses." Pls.' Br. 19. While acknowledging a split of authority, Def.'s Br. 16-17, fn.7, Wilmington Trust did not seek dismissal on that basis.

[the] Internal Revenue Code . . .or that it is an employee stock ownership plan . . . under ERISA § 407(d)(6)."  Compl. ¶ 22; *see* Pls.' Br. 18.

Nothing in ERISA or the Internal Revenue Code describes that an IRS determination letter is required for a plan to be tax qualified or an ESOP.  The applicable IRS regulation does not include the issuance of a determination letter as a requirement to qualification, *see* 26 C.F.R. § 1.401–1(a)(3), and the Complaint does not allege that any of the criteria for qualification that the regulation does set forth are not met.[5]  As such, Plaintiffs have failed to adequately plead that section 406(a)(1)(E) applies to the ISCO ESOP.

### 3.    Plaintiffs Fail to Plausibly Allege a Violation of ERISA Section 406(b).

ERISA section 406(b)(2), 29 U.S.C. § 1106(b)(2) prohibits a plan fiduciary from acting "in any transaction involving the plan on behalf of a party (or represent a party) whose interests are adverse to the interests of the plan or the interests of its participants or beneficiaries."  As discussed in Wilmington Trust's opening brief, Plaintiffs' Complaint includes only the bald allegation that it "acted on behalf of Seller in connection with the Plan's stock and loan transaction."  Compl. ¶ 53; *see* Def.'s Br. 17.  The Court need not take this allegation as true, as it is contradicted by numerous other allegations in the Complaint, which make plain that Wilmington Trust acted on behalf of the ESOP.  *See Dorley v. S. Fayette Twp. Sch. Dist.*, 129 F. Supp. 3d 220, 233 (W.D. Pa. 2015) ("[T]he Complaint actually directly contradicts itself . . . . [G]iven this internal contradiction, there are not at this point plausible facts pled which would allow the Court to infer that [plaintiffs stated a claim].").

---

[5]  Plaintiffs cite *Brundle* for their sweeping statement that "[t]he Plan's EIAP status is an issue of fact that is very difficult to prove," Pls.' Br. 18, but *Brundle* addressed whether the subject ESOP had been "established . . . for the exclusive benefit of [the employer's] employees or their beneficiaries," *Brundle v. Wilmington Trust, N.A.*, No. 1:15-cv-1494, 2016 WL 6542718, at *11 (E.D. Va. Nov. 3, 2016) (quoting 26 C.F.R. § 1.401–1(a)(3)), which Plaintiffs have not challenged here.

Plaintiffs' opposition asserts that it is "clear" from the Complaint that "the gravamen of this action is that Defendant authorized transactions that benefited the Kirchdorfer shareholders, which were adverse to the purchasing Plan that paid too much." Pls.' Br. 20. This argument similarly fails to satisfy their burden of alleging facts showing that Wilmington Trust actually acted on behalf of the Sellers, instead of the ESOP.

ERISA section 406(b)(3), 29 U.S.C. § 1106(b)(3) prohibits a plan fiduciary from receiving "any consideration for his own personal account from any party dealing with such plan in connection with a transaction involving the assets of the plan." Plaintiffs' allegation that Wilmington Trust "received compensation from ISCO as Trustee for the Plan in violation of ERISA § 406(b)(3)" is nothing more than a legal conclusion. Compl. ¶ 54. Neither their Complaint nor their opposition identifies any factual support. Instead, Plaintiffs cite to the *Brundle* court's summary judgment decision. Pls.' Br. 20. The citation is to a summary of the plaintiff's argument—which was rejected following trial, *Brundle v. Wilmington Trust, N.A.*, No. 1:15-cv-1494, 2017 WL 979106, at \*27 (E.D. Va. Mar. 13, 2017). It has no bearing on whether Plaintiffs here have met the pleading standard for a claim under section 406(b)(3) claim.

Plaintiffs further maintain that their section 406(b)(3) claim should survive because "it is undisputed that Defendant contracted with ISCO to work as trustee in the ESOP transaction." Pls.' Br. 20. Plaintiffs, however, do not describe any contractual relationship between ISCO and Wilmington Trust in their Complaint. The Court must dismiss the claim, with prejudice.

## CONCLUSION

For the reasons set forth above and in its Opening Brief, Defendant Wilmington Trust respectfully requests that the Court dismiss Plaintiffs' Complaint, with prejudice.

10

Dated: June 2, 2017

Respectfully submitted:

MORRIS JAMES LLP

*/s/ Albert Manwaring*
Clark Collins (#739)
Albert Manwaring (#4339)
500 Delaware Avenue, Suite 1500
Wilmington, DE 19801
Telephone:  (302) 888-6868
pcollins@morrisjames.com
amanwaring@morrisjames.com

OF COUNSEL:
GROOM LAW GROUP, CHARTERED

Michael J. Prame (*pro hac vice*)
Lars C. Golumbic (*pro hac vice*)
Natasha S. Fedder (*pro hac vice*)
Andrew D. Salek-Raham (*pro hac vice*)
1701 Pennsylvania Ave., N.W., Suite 1200
Washington, D.C. 20006
Telephone:  (202) 857-0620
mprame@groom.com
lgolumbic@groom.com
nfedder@groom.com
asalek-raham@groom.com

*Attorneys for Defendant Wilmington Trust,*
*N.A.*

11