IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SCOTT J. SWAIN and KENNY L. FIORITO, on behalf of the ISCO Industries Inc. Employee Stock Ownership Plan, and on behalf of a class of all other persons similarly situated,<br><br>*Plaintiffs*,<br><br>v.<br><br>WILMINGTON TRUST, N.A., as successor to Wilmington Trust Retirement and Institutional Services Company,<br><br>*Defendant*. | Civ. No. 17-71-RGA-MPT |

**MEMORANDUM OPINION**

David A. Felice, Esquire of Bailey & Glasser LLP, Wilmington, Delaware. Counsel for Plaintiffs. Of Counsel: Gregory Y. Porter, Esquire, Ryan T. Jenny, Esquire, and Patrick O. Muench, Esquire of Bailey & Glasser LLP, Washington D.C.

Clark Collins, Esquire, and Albert Manwaring, Esquire of Morris James LLP, Wilmington, Delaware. Counsel for Defendant. Of Counsel: Michael J. Prame, Esquire, Lars C. Golumbic, Esquire, Natasha S. Fedder, Esquire, and Andrew D. Salek-Raham, Esquire of Groom Law Group, Chartered, Washington D.C.

February 16, 2018

*[signature]*
ANDREWS, U.S. District Judge:

    Plaintiffs Scott J. Swain and Kenny L. Fiorito (collectively, "Plaintiffs") are participants in the ISCO Industries Inc. Employee Stock Ownership Plan (the "ESOP"), and assert claims on behalf of themselves and a class of similarly situated persons against defendant Wilmington Trust, N.A. ("Wilmington Trust"). Wilmington Trust is the successor trustee to the ESOP. Plaintiffs bring this action under sections 406, 409, and 502(a) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1106, 1109, and 1132(a), alleging that Wilmington Trust caused the ESOP to purchase the stock of ISCO Industries Inc. ("ISCO") for more than fair market value. (D.I. 1 ¶¶ 48-58). Wilmington Trust moved to dismiss the complaint pursuant to Fed R. Civ. P. 12(b)(1) and 12(b)(6) for lack of subject-matter jurisdiction and failure to state a claim respectively. (D.I. 10). A magistrate judge issued a report recommending that the court grant Wilmington Trust's motion to dismiss for lack of subject matter jurisdiction or, in the alternative, grant in part and deny in part Wilmington Trust's motion to dismiss for failure to state a claim. (D.I. 20 at 2). Presently before the court are Plaintiffs' objections to the magistrate judge's report and recommendation, and Wilmington Trust's responses thereto. (D.I. 22, D.I. 24). For the reasons stated below, the court adopts in part and rejects in part the magistrate judge's report and recommendation.

## I. BACKGROUND

    The ESOP was established on January 1, 2012, and "provides for an individual account for each participant and for benefits based solely upon the amount contributed to the participant's account, and any income, expenses, gains, and losses, and any forfeitures of accounts of other participants which may be allocated to such participant's account." (D.I. 1 ¶¶ 19, 21). Since its inception, the ESOP's principal asset has been ISCO stock. (*Id.* at ¶ 23). ISCO is a privately-held S-corporation, so its stock is not readily tradable on an established securities market. (*Id.* at ¶ 18).

2

Plaintiffs claim that Wilmington Trust violated 29 U.S.C. §§ 1106, 1109, and 1132(a), when it caused the ESOP to purchase shares of ISCO in 2012 for more than fair market value. (*Id.* at ¶ 3).

Specifically, on December 20, 2012, Wilmington Trust caused the ESOP to purchase all 4,000,000 issued and outstanding shares of ISCO common stock. (*Id.* at ¶ 30). As a result, ISCO is now wholly-owned by the ESOP. (*Id.*). But ISCO remains under the control of its previous owners (the "Sellers"). (*Id.* at ¶¶ 33-43). The ESOP paid $98,000,000 for the stock, and financed the purchase price with a loan from the Sellers. (*Id.* at ¶ 31). The loan, represented by a note, must be fully repaid in 25 years and accrues interest at a rate of 2.40% per annum. (*Id.*). On December 31, 2012, an independent appraiser, for the purposes of a 2012 year-end report, "re-valued" ISCO's common stock at $39,000,000, which is $59,000,000 less (or 60% lower) than the purchase price paid two weeks earlier. (*Id.* at ¶¶ 44-45).

Wilmington Trust was the trustee of the ESOP at the time of the disputed transaction, and was therefore a fiduciary as defined under ERISA. (*Id.* at ¶ 15). As trustee, Wilmington Trust had had sole and exclusive discretion to authorize the disputed transaction. (*Id.*). Moreover, Wilmington Trust had an "exclusive duty" to ensure that any transaction between a potential seller and the ESOP was fair and reasonable, and that the ESOP paid no more than fair market value. (*Id.* at ¶ 29). Plaintiffs allege that the ESOP transaction allowed the Sellers to unload its interests in ISCO at an inflated price, saddle ESOP participants with millions of dollars of debt, and still maintain control of the company. (*Id.* at ¶¶ 7, 33, 37-41). Thus, Wilmington Trust failed to fulfill its duties to the ESOP and its participants, including Plaintiffs.

## II. STANDARD OF REVIEW

The court conducts a *de novo* review when determining whether to adopt a magistrate judge's report and recommendation on a dispositive matter. Fed. R. Civ. P. 72(b)(3). Upon review, the court may accept, reject, or modify the magistrate judge's recommendations. *Id.* The court may also receive further evidence or return the matter to the magistrate judge with instructions. *Id.*

## III. DISCUSSION

Plaintiffs claim that Wilmington Trust violated five subparts of 29 U.S.C. § 1106, specifically, subparts (a)(1)(A), (a)(1)(B), (a)(1)(E), (b)(2), and (b)(3). (D.I. 1 ¶¶ 49-55). In addition, Plaintiffs seek declaratory and injunctive relief pursuant to 29 U.S.C. §§ 1109 and 1132(a). (*Id.* ¶¶ 56-57). The magistrate judge's report recommends that the court dismiss all of Plaintiffs' claims for lack of subject matter jurisdiction. (D.I. 20 at 11-12). In the alternative, the report recommends that the court dismiss some, but not all, of Plaintiffs' claims for failure to state a claim. (*Id.* at 13-18). Specifically, the report recommends that the court dismiss the claims based on subparts (a)(1)(E), (b)(2), and (b)(3). (*Id.*). Plaintiffs have raised objections to each unfavorable recommendation in the report, which the court addresses in turn below.

### A. Standing

The report found that the court lacked subject matter jurisdiction over Plaintiffs' claims, because Plaintiffs did not have Article III standing, often called "constitutional standing." (D.I. 20 at 11-12). The report's discussion of standing was divided between claims seeking damages and claims seeking declaratory and injunctive relief. "A plaintiff bears the burden of establishing that he has Article III standing for each type of relief sought." *ZF Meritor, LLC v. Eaton Corp.*, 696 F.3d 254, 301 (3d Cir. 2012). Accordingly, "a plaintiff may have standing to pursue damages,

4

but lack standing to seek injunctive relief." *Id.* Constitutional standing has three elements: (1) an injury-in-fact; (2) a causal connection between the injury and the conduct complained of; and (3) a likelihood that the injury will be redressed by a favorable decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). The report found that Plaintiffs failed to demonstrate a cognizable injury-in-fact with respect to either their claims for damages or their claims for declaratory and injunctive relief. (D.I. 20 at 11-12). An "injury-in-fact" is an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical. *Lujan*, 504 U.S. at 560-61. Consistent with the magistrate judge's report, the court separately discuss Plaintiffs' injury-in-fact for each type of relief.

### 1. Injury-in-Fact for Damages Claims

The report noted that the Third Circuit had yet to address cognizable injuries for ERISA claims and relied on three cases to conclude that plaintiffs did not have an injury-in-fact unless they sold their stock at a loss. *See* D.I. 20 at 11-12 (citing *Dura Pharmaceuticals, Inc. v. Broudo*, 544 U.S. 336, 342 (2005); *Taylor v. KeyCorp*, 680 F.3d 609, 613 (6th Cir. 2012); and *In Re Wilmington Trust Corp. ERISA Litig.*, 943 F. Supp. 2d 478 (D. Del. 2013)). The report predicted that the Third Circuit would adopt this sell-to-sue requirement. (D.I. 20 at 11). Thus, Plaintiffs did not suffer an injury-in-fact, because even though the ISCO stock was purchased at an allegedly inflated price, "no sale occurred thereafter." (*Id.*). Plaintiffs argue that the report misconstrued the cases on which it relied and, therefore, Article III standing does not impose a sell-to-sue requirement. (*Id.* at 2). For the reasons explained below, the court agrees.

All of the cases cited by the report connect back to the United States Supreme Court's decision in *Dura Pharmaceuticals, Inc. v. Broudo*, 544 U.S. 336 (2005). Notably, *Dura* did not address subject matter jurisdiction, standing, or ERISA claims. Instead, it addressed the dismissal

5

of a securities fraud claim under Fed. R. Civ. P. 12(b)(6). *See Dura*, 544 U.S. at 338-39. In *Dura*, the Supreme Court reversed a Ninth Circuit decision holding that a plaintiff adequately pled loss causation by alleging only an inflated purchase price. *Id.* at 338. As the Supreme Court explained, an inflated purchase price alone does not constitute an economic loss, because at the time of the transaction, the plaintiff owns shares equal in value to the inflated purchase price. *Id.* at 342. If the plaintiff "sells the shares quickly before the relevant truth begins to leak out, the misrepresentation will not have led to any loss." *Id.* But if the plaintiff is still holding those shares when their value depreciates as a result of the truth becoming generally known, then the plaintiff has sustained a loss for which the defendants are liable. *Id.* at 344. The plaintiff in *Dura* failed to plead an economic loss, because the complaint contained "nothing" to suggest that Dura's share price "fell significantly after the truth became known." *Id.* at 347.

Unlike *Dura*, the case of *Taylor v. Keycorp* directly addressed Article III standing for ERISA claims. 680 F.3d 609, 611 (6th Cir. 2012). In *Taylor*, the Sixth Circuit affirmed a lower-court decision finding that a plaintiff lacked constitutional standing, because a plaintiff suffers no injury-in-fact when she sells a majority of her stock while its price is artificially inflated by defendants' misrepresentations. 680 F.3d at 613. The Sixth Circuit noted that its holding was consistent with the Supreme Court's holding in *Dura* that "an inflated purchase price will not itself constitute economic loss." *Id.* (quoting *Dura*, 544 U.S. 342 (internal ellipses omitted)). In a less than precise paraphrase of *Dura*, the Sixth Circuit next stated: "Rather, stock must be purchased at an inflated price and sold at a loss for an economic injury to occur." *Taylor*, 680 F.3d at 613. The magistrate judge's report relied on this sentence from *Taylor* to find that constitutional standing imposes a sell-to-sue requirement. But this sentence was taken out of context and read too narrowly, as neither *Dura* nor *Taylor* addressed whether plaintiffs had to sell their stock in

6

order to demonstrate a loss. Rather, *Taylor* addressed whether plaintiffs who did sell their stock could demonstrate a loss when they sold during the period of artificial inflation. *See Brown v. Medtronic, Inc.*, 628 F.3d 451, 455-56 (8th Cir. 2010). In other words, it was not whether plaintiffs must sell, but what happened when they did sell. Other courts have likewise rejected arguments that *Dura* instituted a sell-to-sue requirement. *See, e.g., Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 672 F. Supp. 2d 596, 611 (S.D.N.Y. 2009) ("[T]hat Class members have not yet sold their shares does not preclude a finding of loss causation ...."); *Ong ex rel. Ong v. Sears, Roebuck & Co.*, 459 F. Supp. 2d 729, 743 (N.D. Ill. 2006) (stating that "[n]othing in *Dura* suggests .... a requirement that § 10b securities fraud plaintiffs must sell their securities in order to suffer the requisite economic loss"); *In re Royal Dutch/Shell Transp. Sec. Litig.*, 404 F. Supp. 2d 605, 612 (D.N.J. 2005) ("[I]t is clear that *Dura* does not mandate that a securities fraud plaintiff plead both purchase and subsequent sale of securities to establish economic loss and loss causation.").

The last case cited in the report on the sell-to-sue requirement is *In re Wilmington Trust Corp. ERISA Litigation*, 943 F. Supp. 2d 478 (D. Del. 2013). (D.I. 20 at 11). *Wilmington Trust* simply applied the well-established principle from *Dura* and *Taylor* to find that one of the plaintiffs lacked constitutional standing, because she sold the majority of her stock during the period of artificial inflation, and therefore benefitted from the inflation. 943 F. Supp. 2d at 487. Like *Dura* and *Taylor*, the court in *Wilmington Trust* did not address or impose a sell-to-sue requirement. Accordingly, the court finds that the report's sell-to-sue requirement is not well grounded in the law and will not impose such a requirement here. Plaintiffs' objection to the report on this point is sustained.

In addition, the court finds that Plaintiffs' complaint demonstrates a cognizable injury-in-fact with respect to the damages claims. Plaintiffs were participants "at all relevant times" with

7

vested shares of ISCO in their ESOP accounts. (D.I. 1 ¶¶ 12-13). On December 31, 2012, an independent appraiser gave the ISCO stock held by the ESOP a fair market value that was $59,000,000 less (or 60% lower) than the purchase price paid just eleven days earlier. (*Id.* at ¶¶ 44-45). As a result, Plaintiffs "suffered a diminution in value" to their ESOP accounts. (*Id.* at ¶ 62). Because Plaintiffs have a cognizable injury-in-fact with respect to their damages claims, Wilmington Trust's motion to dismiss these claims for lack of subject matter jurisdiction is denied.[1]

## 2. Injury-in-Fact for Declaratory and Injunctive Relief

The report found that Plaintiffs lacked an injury-in-fact with respect to their claims for injunctive and declaratory relief, because Plaintiffs "do not allege a real and immediate threat of future injury." (D.I. 20 at 12). Plaintiffs argue that the report's recommendation should be rejected, because it "states the wrong standard." (D.I. 22 at 8). Plaintiffs, however, do not clearly identify the error in the standard cited by the report and the court finds none. The report stated that a plaintiff seeking declaratory and injunctive relief has constitutional standing if there is "evidence of 'actual present harm or the significant possibility of future harm.'" D.I. 20 at 12 (quoting *Werner v. Primax Recoveries, Inc.*, 365 F. App'x 664, 668 (6th Cir. 2010)). Although the report cited a Sixth Circuit case, the quoted language is not inconsistent with the Third Circuit's pronouncement that "a plaintiff seeking injunctive relief must demonstrate a likelihood of future harm" in order to satisfy the constitutional requirement of standing. *McNair v. Synapse Group Inc.*, 672 F.3d 213, 225 (3d Cir. 2012). The report also correctly pointed out that past injuries

---

[1] Under the circumstances of this case, the argument that there can only be subject matter jurisdiction when Plaintiffs sells a majority of their stock runs counter to reality. Unlike investors in publicly-traded companies, ESOP participants below retirement age in an ESOP holding privately-held stock generally cannot sell the stock in their plans. Maintaining ISCO's S-corporation status would likely further limit the ability of ESOP participants to sell their shares.

8

sufficient to confer standing for monetary relief are not sufficient to confer standing for injunctive and declaratory relief. (D.I. 20 at 12). Instead, a plaintiff must demonstrate a "real or immediate threat that the plaintiff will be wronged again." *Id.* (quoting *ZF Meritor*, 696 F.3d at 301); *see also McNair*, 672 F.3d at 225 ("[A] plaintiff who has standing to bring a damages claim does not automatically have standing to litigate a claim for injunctive relief arising out of the same set of operative facts" (quoting *Tucker v. Phyfer*, 819 F.2d 1030, 1034–35 (11th Cir.1987))).

Finally, the report correctly concluded that Plaintiffs lacked standing to pursue declaratory and injunctive relief, because Plaintiffs did not adequately allege "a real and immediate threat of future injury." (D.I. 20 at 12). Plaintiffs alleged that the past injuries (which occurred once, more than four years before the complaint was filed) "could happen again," which is nothing more than speculation. (*Id.*). Speculation, by itself, is not sufficient. Accordingly, Plaintiffs' objection to the report's finding that Plaintiffs lack standing to bring claims for injunctive and declaratory relief is overruled. The recommendations of the report to dismiss the claims for injunctive and declaratory relief are adopted, and Wilmington Trust's motion to dismiss for lack of subject matter as to these claims is granted.

### B. Failure to State a Claim

The magistrate judge's report found that Plaintiffs failed to state a claim for violations of 29 U.S.C. § 1106, subparts (a)(1)(E), (b)(2), and (b)(3). (D.I. 20 at 13-18). Consistent with the report, the court will address each of these claims in turn, with the two claims under subpart (b) analyzed together.

#### 1. Section 1106(a)(1)(E)

The report recommends that the court dismiss Plaintiffs' claim based on section 1106(a)(1)(E), because Plaintiffs failed to allege all the essential elements. (D.I. 20 at 13-14).

9

Section 1106(a)(1)(E) prohibits the "acquisition ... of any employer security ... in violation of section 1107(a) of this title." 29 U.S.C. § 1106(a)(1)(E). Thus, section 1106(a)(1)(E) has two components: (1) the acquisition of an "employer security," and (2) a violation of section 1107(a). The complaint alleges that Wilmington Trust caused the ESOP "to acquire ISCO securities," which are employer securities.[2] (D.I. 1 ¶ 49). Thus, the complaint alleges an acquisition of employer securities. But the complaint does not allege a violation of section 1107(a), and acquiring ISCO securities is not, by itself, a violation of section 1107(a).

Section 1107(a) has four subparts—each a separate and independent act that could serve as the predicate offense for a violation of section 1106(a)(1)(E). 29 U.S.C. § 1107(a). The complaint does not allege on which of the four subparts Plaintiffs' claim relies. The magistrate judge's report assumes that Plaintiffs are relying on subpart (a)(1). Under that subpart, acquiring employer securities is a violation of section 1107(a) only if the securities were not "qualifying employer securit[ies]." 29 U.S.C. § 1107(a)(1)(A). Thus, the report found that Plaintiffs failed to state a claim, because the "Plaintiffs do not allege [that] the securities purchased by the ESOP are not qualified securities within the meaning of ... 29 U.S.C. § 1107(a)." (D.I. 20 at 14). The magistrate judge may have guessed wrong in assuming that Plaintiffs are relying on a violation of subpart (a)(1). But any error is harmless. The court notes that a complaint may not be dismissed "for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby*, 135 S. Ct. 346, 346 (2014). Thus, the issue is not that Plaintiffs necessarily need to identify the particular subpart of section 1107(a) on which they rely, although that would be helpful. The issue is that Plaintiffs have not alleged any facts sufficient to show which subpart of section

---

[2] "The term 'employer security' means a security issued by an employer." 29 U.S.C. § 1107(d)(1).

10

1107(a) serves as the basis for Plaintiffs' claim. Thus, Plaintiffs have not provided "fair notice of what the ... claim is and the grounds upon which it rests," as required by Fed. R. Civ. P. 12(b)(6). *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007). Plaintiffs presumably will be able to amend the complaint to take care of this minor pleading defect.

Plaintiffs argue that they were not required to plead that ISCO stock was not a qualifying employer security, because that was an element of Wilmington Trust's section 1108(e) affirmative defense to the § 1106 prohibited transaction claims.[3] (D.I. 22 at 9). Thus, Plaintiffs assert that the magistrate judge improperly shifted to them the burden of pleading around Wilmington Trust's affirmative defense. (*Id.*). The court disagrees. In finding that Plaintiffs failed to state a claim based on section 1106(a)(1)(E), the report makes no mention of section 1108. Instead, the report specifically noted that Plaintiffs failed to plead elements "within the meaning of ... 29 U.S.C. § 1107(a)." (D.I. 20 at 14). Accordingly, the report did not invoke section 1108 affirmative defenses, let alone require Plaintiffs to plead around them. Plaintiffs' objections are overruled, and the court adopts the report's recommendation that Plaintiffs' claim based on 29 U.S.C. § 1106(a)(1)(E) be dismissed, without prejudice, for failure to state a claim.

### 2. Section 1106(b)(2)—(b)(3)

The report recommends that the court dismiss Plaintiffs' claims based on section 1106(b)(2) and (b)(3), as the allegations in the complaint were so sparse, they failed to satisfy the notice pleading standard under Fed. R. Civ. P. 8(a). (D.I. 20 at 16-18). Section 1106(b) states, in relevant part, that a fiduciary with respect to a plan shall not:

---

[3] Section 1108(e) provides in relevant part that § 1106 "shall not apply to the acquisition or sale by a plan of qualifying employer securities ... if such acquisition, sale, or lease is for adequate consideration ... and ... if ... the plan is an eligible individual account plan (as defined in section [1107(d)(3)])." 29 U.S.C. § 1108(e).

11

> (2) ... act in any transaction involving the plan on behalf of a party (or represent a party) whose interests are adverse to the interests of the plan or the interests of its participants or beneficiaries, or
>
> (3) receive any consideration for his own personal account from any party dealing with such plan in connection with a transaction involving the assets of the plan.

Plaintiffs' complaint contains sufficient allegations of fact to satisfy the notice pleading standard. With respect to subpart (b)(2), the complaint alleges that:

> Wilmington Trust acted on behalf of Seller in connection with the Plan's stock and loan transactions in 2012 with Seller by causing the Plan to acquire ISCO stock and a loan. This greatly benefited Seller to the substantial detriment of the Plan, even though Wilmington Trust was required to serve the interests of the Plan in connection with any such transaction.

(D.I. 1 ¶ 53). With respect to subpart (b)(3), the complaint alleges that "Wilmington Trust received compensation from ISCO as Trustee for the Plan in violation of ERISA § 406(b)(3)." (*Id.* at ¶ 53). ISCO was a party dealing with the ESOP in connection with a transaction involving the assets of the ESOP. (*Id.* at ¶ 5). Specifically, "ISCO and/or its prior owner(s) ('Seller') sold 4,000,000 (four million) shares of common stock in the company to the Plan and in exchange received a twenty-five year note, accruing 2.40% interest, of $98,000,000 (ninety-eight million dollars)." Accordingly, Plaintiffs' objection to the report on this point is sustained. Wilmington Trust's motion to dismiss Plaintiffs' claims based on sections 1106(b)(2) and (b)(3) for failure to state a claim is denied.

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs' objections to the magistrate judge's report (D.I. 22) are overruled in part and sustained in part, and the magistrate judge's report and recommendations (D.I. 20) are adopted in part and rejected in part. Wilmington Trust's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) (D.I. 10) is granted in part and denied in part. An appropriate order will be entered.