IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SCOTT J. SWAIN and KENNY L. FIORITO, on behalf of the ISCO Industries Inc. Employee Stock Ownership Plan, and on behalf of a class of all other persons similarly situated, <br><br> *Plaintiffs*, <br><br> v. <br><br> WILMINGTON TRUST, N.A., as successor to Wilmington Trust Retirement and Institutional Services Company, <br><br> *Defendant*. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) C.A. No. 17-071-RGA-MPT |

## FIRST AMENDED COMPLAINT

Plaintiffs Scott J. Swain and Kenny L. Fiorito, by their undersigned attorneys, on behalf of the ISCO Industries Inc. Employee Stock Ownership Plan and similarly situated participants in the Plan, allege upon personal knowledge, the investigation of their counsel, and upon information and belief as to all other matters, as to which allegations they believe substantial evidentiary support will exist after a reasonable opportunity for further investigation and discovery, as follows:

## BACKGROUND

1. Plaintiffs Scott J. Swain and Kenny L. Fiorito ("Plaintiffs") bring this suit against Wilmington Trust, N.A. ("Wilmington Trust") as successor to Wilmington Trust Retirement and Institutional Services Company, the trustee for the ISCO Industries Inc. Employee Stock Ownership Plan (the "Plan") when the Plan acquired shares of ISCO Industries Inc. ("ISCO").

2. Plaintiffs are participants in the Plan, as defined by ERISA § 3(7), 29 U.S.C. § 1002(7), who were vested in shares of ISCO allocated to their accounts in the Plan.

3. This action is brought under Sections 406, 409, and 502(a) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §§ 1106, 1109, and 1132(a), for losses suffered by the Plan, and other relief, caused by Wilmington Trust when it authorized the Plan to buy shares of ISCO in 2012 for more than fair market value.

4. As alleged below, the Plan has been injured and its participants have been deprived of hard-earned retirement benefits as a result of Wilmington Trust's violations of ERISA's prohibited transaction rules.

5. ISCO is a privately-held company. On December 20, 2012, ISCO and/or its prior owner(s) ("Seller") sold 4,000,000 (four million) shares of common stock in the company to the Plan and in exchange received a twenty-five year note, accruing 2.40% interest, of $98,000,000 (ninety-eight million dollars) (the "ESOP Transaction" or "Transaction").

6. Wilmington Trust represented the Plan and its participants as Trustee in the ESOP Transaction.

7. The ESOP Transaction allowed Seller to unload its interests in ISCO above fair market value and saddle Plan participants with millions of dollars of debt payable to ISCO to finance the transaction. Wilmington Trust failed to fulfill its duties to the Plan and Plan participants, including Plaintiffs.

8. Plaintiffs bring this action to recover the losses incurred by the Plan, and thus by each individual account in the Plan held by them and similarly situated participants, as a result of Wilmington Trust's engaging in, and causing the Plan to engage in, prohibited transactions under ERISA.

## JURISDICTION AND VENUE

9. This action arises under Title I of ERISA, 29 U.S.C. §§ 1001-1191c, and is brought by Plaintiffs under ERISA § 502(a), 29 U.S.C. § 1132(a), to require Wilmington Trust to make

good to the Plan losses resulting from its violations of ERISA, to restore to the Plan any profits that have been made by breaching fiduciaries and parties in interest through the use of Plan assets, and to obtain other appropriate equitable and legal remedies in order to redress violations and enforce the provisions of ERISA.

10. This Court has subject matter jurisdiction over this action pursuant to ERISA § 502(e)(1), 29 U.S.C. § 1132(e)(1).

11. Venue is proper in this District pursuant to ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2), because Defendant Wilmington Trust resides or may be found in this District, and because some or all of the events or omissions giving rise to the claims occurred in this District.

## PARTIES

12. At all relevant times, Plaintiff Scott J. Swain has been a participant, as defined in ERISA § 3(7), 29 U.S.C. § 1002(7), in the Plan. Plaintiff Swain resides in Tioga, Pennsylvania. He vested in shares of ISCO in his Plan account.

13. At all relevant times, Plaintiff Kenny L. Fiorito has been a participant, as defined in ERISA § 3(7), 29 U.S.C. § 1002(7), in the Plan. Plaintiff Fiorito resides in Gresham, Oregon. He vested in shares of ISCO in his Plan account.

14. Defendant Wilmington Trust is a trust company chartered in Delaware. Its main office is at 1100 North Market Street, Wilmington, Delaware 19890. Wilmington Trust is a wholly-owned subsidiary of Wilmington Trust Corporation, which is also headquartered at 1100 North Market Street, Wilmington, Delaware 19890. Wilmington Trust Corporation is a wholly-owned division of M&T Bank Corporation. M&T Bank Corporation is headquartered in Buffalo, New York.

15. Defendant Wilmington Trust was the Trustee of the Plan at the time of the ESOP Transaction. Wilmington Trust at all relevant times was a "fiduciary" under ERISA because it was the Trustee. As Trustee, Wilmington Trust had exclusive authority to manage and control the assets of the Plan and had sole and exclusive discretion to authorize the ESOP Transaction. Wilmington Trust was also a party in interest under ERISA § 3(14), 29 U.S.C. § 1002(14), at all relevant times.

16. Wilmington Trust was replaced as Trustee of the Plan in September 2017.

## FACTUAL ALLEGATIONS

17. ISCO is a privately held entity that, around the relevant period, had more than 350 employees. ISCO bills itself as a "global customized piping solutions provider" that "sells a wide variety of piping materials and provides solutions for various environmental, geothermal, golf, industrial, landfill, mining, municipal, nuclear, waterworks and culvert-lining applications worldwide." The company has more than 30 facilities in the United States, Canada, Australia and Chile.

18. ISCO is headquartered at 100 Witherspoon Street 2West, Louisville, Kentucky 40202.

19. ISCO is an S corporation. ISCO stock is not, and at all times from January 1, 2012 to present was not, readily tradable on an established securities market.

20. ISCO adopted the Plan with an effective date of January 1, 2012.

21. The Plan is a retirement plan governed by ERISA.

22. The Plan provides for an individual account for each participant and for benefits based solely upon the amount contributed to the participant's account, and any income, expenses, gains, and losses, and any forfeitures of accounts of other participants which may be allocated to such participant's account.

23.     As of the Plan's Form 5500 Annual Return/Report of Employee Benefit Plan for 2015, filed on October 10, 2016, the Internal Revenue Service had not issued a determination that the Plan was qualified under Internal Revenue Code (IRC) Section 401, 26 U.S.C. § 401, or that it was an employee stock ownership plan (ESOP) under ERISA § 407(d)(6), 29 U.S.C. § 1107(d)(6).

24.     According to the Plan's Form 5500 Annual Return/Report of Employee Benefit Plan for 2016, filed on October 11, 2017, the Internal Revenue Service ("IRS") determined on February 23, 2017 "that the Plan, as then designed, was in compliance with the applicable requirements of the IRC." However, the Plan was amended after receiving that determination letter and the IRS has not issued a determination letter on consideration of the amended Plan or Plan operations after the amendments went into effect.

25.     The Plan's principal asset was ISCO stock at all times from its inception to February 14, 2018, when, on information and belief, it was made to sell the stock.

26.     ISCO identifies the Plan as intended to be a leveraged employee stock ownership plan, or "Leveraged ESOP."

27.     ISCO is the sponsor of the Plan within the meaning of ERISA § 3(16)(B), 29 U.S.C. § 1002(16)(B).

28.     Employees of ISCO participate in the Plan.

29.     ISCO is the Plan's administrator within the meaning of ERISA § 3(16)(A), 29 U.S.C. § 1002(16)(A).

30.     ISCO appointed Wilmington Trust as Trustee of the ESOP in 2012 for the purpose of representing the Plan in the proposed ESOP Transaction. As Trustee, Wilmington had sole and exclusive authority to approve the ESOP Transaction on behalf of the Plan, including the price the Plan paid for ISCO stock.

31. The Plan was administered initially at 926 Baxter Avenue, Louisville, Kentucky 40204. Since about late 2015, the Plan has been administered at 100 Witherspoon Street 2West, Louisville, Kentucky 40202.

32. As Trustee for the Plan, it was Wilmington Trust's exclusive duty to ensure that any transactions between the Plan and Seller, including acquisitions of ISCO stock by the Plan and loans to the Plan, were fair and reasonable and to ensure that the Plan paid no more than fair market value.

33. On December 20, 2012, Wilmington Trust, in its capacity as Trustee of the Plan, caused the Plan to purchase all 4,000,000 outstanding and issued shares of ISCO common stock from Seller in consideration for payment of $98,000,000. As a result, ISCO was wholly owned by the Plan.

34. The sale was seller-funded by a $98,000,000 loan from ISCO to the Plan to be used to buy ISCO stock. Wilmington Trust caused the Plan to issue a note payable to ISCO in the amount of $98,000,000 to purchase the ISCO stock. It was payable in full over twenty-five years at a rate of 2.40% per annum.

35. The members of the Fiduciary Services Sub-Committee of Wilmington Trust who voted on the ESOP Transaction voted unanimously to approve the ESOP Transaction on behalf of the trustee, Wilmington Trust.

36. CSG Partners, LLC ("CSG"), a New York-based boutique investment bank, advised ISCO in the ESOP transaction.

37. CSG marketing materials say it can structure ESOP transactions such that selling shareholders will continue to control the company, exercising control through the board of

directors and other corporate governance tools, even where the ESOP purchases 100% of the company.

38. James Kirchdorfer, Jr., Chief Executive Officer (CEO) of ISCO, said that "CSG Partners provided tremendous expertise in leading the transaction for ISCO, from advising on structures, negotiating the deal terms, raising capital, and quarterbacking the entire process." *CSG Partners Advises ISCO Industries on ESOP Transaction*, CSG News Release (Jan. 14, 2013).

39. ISCO was founded in 1962 by James Kirchdorfer, Sr.

40. ISCO was a Kirchdorfer family-owned and operated company when the Plan purchased it in 2012.

41. James Kirchdorfer, Jr. and Mark Kirchdorfer are the sons of James Kirchdorfer, Sr. Prior to the ESOP Transaction, James Kirchdorfer, Jr. served as Chief Executive Officer (CEO). Prior to the ESOP Transaction, Mark Kirchdorfer served as Chief Operating Officer (COO) and then President.

42. In a release dated January 8, 2013 titled *ISCO Industries Moves to Employee Ownership with ESOP*, ISCO promised: "The ESOP will not change ISCO's day-to-day operations or management."

43. The PRNewswire reported on January 14, 2013 that: "As part of the transaction, the management team for ISCO will remain in place."

44. As reported on Forbes.com on October 11, 2013, James Kirchdorfer, Jr. stated that by selling ISCO to an ESOP: "We were able to control the trajectory of the business."

45. James Kirchdorfer, Jr. and Mark Kirchdorfer are co-Chairmen of ISCO.

46. Plaintiffs further allege that the following factual allegations in this paragraph will likely have evidentiary support after a reasonable opportunity for further investigation or

discovery. The Plan paid a control premium for ISCO and did not receive a discount for lack of control. However, the Plan did not obtain control over the ISCO board of directors upon its 2012 purchase of the company. The Plan therefore overpaid for ISCO.

47. As Trustee, Wilmington Trust is subject to liability for a payment by the Plan of more than fair market value for ISCO caused by the Plan's payment of a control premium where the previous owner(s) retained control of ISCO, the Plan's failure to receive a discount for lack of control, and/or other factors in Wilmington Trust's faulty valuation of ISCO in the ESOP Transaction.

48. As of December 31, 2012, the ISCO shares purchased by the Plan in the ESOP Transaction were re-valued at $39,000,000 (thirty-nine million dollars).

49. That is, an independent appraiser for purposes of a 2012 year-end report valued the fair market value of the Plan's ISCO stock $59,000,000 (fifty-nine million dollars) lower just eleven days after the Plan purchased it.

50. This reduction in value amounted to a change of more than 60%.

51. Wilmington Trust is liable to the Plan for the difference between the price paid by the Plan and the actual value of ISCO shares at the time of the ESOP Transaction.

## CLAIMS FOR RELIEF

### COUNT I

**Causing and Engaging in Prohibited Transactions Forbidden by
ERISA § 406(a)-(b), 29 U.S.C. § 1106(a)-(b)**

52. Plaintiffs incorporate the preceding paragraphs as though set forth herein.

53. ERISA § 406(a)(1)(A), 29 U.S.C. § 1106(a)(1)(A), prohibits a plan fiduciary, here Wilmington Trust, from causing a plan, here the Plan, from engaging in a sale or exchange of any property, here ISCO stock, with a party in interest, here ISCO (the Plan's sponsor and

administrator, whose employees participate in the Plan) or other party in interest sellers. ERISA § 406(a)(1)(B), 29 U.S.C. § 1106(a)(1)(B), prohibits Wilmington Trust from causing the Plan to borrow money from party in interest ISCO.

54. The stock and loan transactions between the Plan and Seller were authorized by Wilmington Trust in its capacity as Trustee for the Plan.

55. Wilmington Trust caused the Plan to engage in prohibited transactions in violation of ERISA § 406(a), 29 U.S.C. § 1106(a), in the ESOP Transaction.

56. ERISA § 406(b), 29 U.S.C. § 1106(b), *inter alia*, mandates that a plan fiduciary shall not "act in any transaction involving the plan on behalf of a party (or represent a party) whose interests are adverse to the interests of the plan or the interests of its participants," or "receive any consideration for his own personal account from any party dealing with such plan in connection with a transaction involving the assets of the plan."

57. Wilmington Trust acted on behalf of Seller in connection with the Plan's stock and loan transactions in 2012 with Seller by causing the Plan to acquire ISCO stock and a loan. This greatly benefited Seller to the substantial detriment of the Plan, even though Wilmington Trust was required to serve the interests of the Plan in connection with any such transaction.

58. Wilmington Trust received compensation from ISCO as Trustee for the Plan in violation of ERISA § 406(b)(3).

59. Wilmington Trust caused and engaged in prohibited transactions in violation of ERISA §§ 406(b)(2) and 406(b)(3) in the ESOP Transaction.

60. ERISA § 409, 29 U.S.C. § 1109, provides, *inter alia*, that any person who is a fiduciary with respect to a plan and who breaches any of the responsibilities, obligations, or duties imposed on fiduciaries by Title I of ERISA shall be personally liable to make good to the plan any

losses to the plan resulting from each such breach, and additionally is subject to such other equitable or remedial relief as the court may deem appropriate, including removal of the fiduciary.

61.     ERISA § 502(a), 29 U.S.C. § 1132(a), permits a plan participant to bring a suit for relief under ERISA § 409 and to obtain appropriate equitable relief to enforce the provisions of Title I of ERISA or to enforce the terms of a plan.

62.     Wilmington Trust has caused millions of dollars of losses to the Plan by the prohibited transactions in an amount to be proven more specifically at trial.

## CLASS ACTION ALLEGATIONS

63.     Plaintiffs bring this action as a class action pursuant to Fed. R. Civ. P. 23(a) and (b), on behalf of the following class:

> All persons who were vested participants in the ISCO Industries Inc. Employee Stock Ownership Plan. Excluded from the Class are the shareholders and entities controlled by them who sold their ISCO stock to the Plan and their immediate families; the directors of ISCO; and legal representatives, successors, and assigns of any such excluded persons.

64.     The Class is so numerous that joinder of all members is impracticable. Although the exact number and identities of Class members are unknown to Plaintiffs at this time, the Plan's Form 5500 filing for 2015 indicates that there were 392 participants, and beneficiaries of deceased participants receiving or entitled to receive benefits, in the Plan as of December 31, 2015.

65.     Questions of law and fact common to the Class as a whole include, but are not limited to, the following:

>   i. Whether Wilmington Trust served as Trustee in the Plan's acquisition of ISCO stock;
>
>  ii. Whether Wilmington Trust was an ERISA fiduciary of the Plan;

iii. Whether Wilmington Trust engaged in prohibited transactions under ERISA by permitting the Plan to purchase ISCO stock and take a loan from ISCO;

iv. Whether Wilmington Trust engaged in a good faith valuation of the ISCO stock in connection with the ESOP Transaction;

v. Whether Wilmington Trust caused the Plan to pay more than fair market value for ISCO stock;

vi. Whether Wilmington Trust engaged in a prohibited transaction under ERISA by acting on behalf of a party adverse to the Plan and its participants in the ESOP Transaction;

vii. Whether Wilmington Trust engaged in a prohibited transaction under ERISA by receiving consideration for its own account in the ESOP Transaction;

viii. Whether the seller or sellers of ISCO stock to the Plan were parties in interest; and

ix. The amount of losses suffered by the Plan and its participants as a result of Wilmington Trust's ERISA violations.

66. Plaintiffs' claims are typical of those of the Class. For example, Plaintiffs, like other Plan participants in the Class, suffered a diminution in the value of their Plan accounts because the Plan paid more than fair market value and took an excessive loan for ISCO stock, and they continue to suffer such losses in the present because Wilmington Trust failed to correct the overpayment by the Plan in its time as Trustee.

67. Plaintiffs will fairly and adequately represent and protect the interests of the Class. Plaintiffs have retained counsel competent and experienced in complex class actions, ERISA, and employee benefits litigation.

68. Class certification of Plaintiffs' Claims for Relief for the alleged violations of ERISA is appropriate pursuant to Fed. R. Civ. P. 23(b)(1) because the prosecution of separate actions by individual Class members would create a risk of inconsistent or varying adjudications which would establish incompatible standards of conduct for Wilmington Trust, and/or because adjudications with respect to individual Class members would as a practical matter be dispositive of the interests of non-party Class members.

69. The names and addresses of the Class members are available from the Plan. Notice will be provided to all members of the Class to the extent required by Fed. R. Civ. P. 23.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiffs pray for judgment against Defendant and for the following relief:

A. Hold that Defendant Wilmington Trust caused the Plan to engage in prohibited transactions and thereby breached its duties under ERISA;

B. Order that Defendant Wilmington Trust make good to the Plan and/or to any successor trust(s) the losses resulting from its breaches of ERISA and restore any profits it has made through use of assets of the Plan;

C. Order that Defendant Wilmington Trust provide other appropriate equitable relief to the Plan and its participants and beneficiaries, including but not limited to surcharge, providing an accounting for profits, and imposing a constructive trust and/or equitable lien on any funds wrongfully held by Defendant Wilmington Trust;

D.  Award Plaintiffs reasonable attorneys' fees and costs of suit incurred herein pursuant to ERISA § 502(g), 29 U.S.C. § 1132(g), and/or for the benefit obtained for the common fund;

E.  Order Wilmington Trust to disgorge any fees it received in conjunction with its services as Trustee for the Plan as well as any earnings and profits thereon;

F.  Order Wilmington Trust to pay prejudgment interest;

G.  Enter an order certifying this lawsuit as a class action; and

H.  Award such other and further relief as the Court deems equitable and just.

Dated: August 6, 2018

*/s/ David A. Felice*
David A. Felice (#4090)
BAILEY & GLASSER LLP
Red Clay Center at Little Falls
2961 Centerville Road, Suite 302
Wilmington, DE 19808
Telephone: (302) 504-6333
Facsimile: (302) 504-6334
dfelice@baileyglasser.com

Of Counsel:
Gregory Y. Porter (*pro hac vice*)
Ryan T. Jenny (*pro hac vice*)
Patrick O. Muench (*pro hac vice*)
BAILEY & GLASSER LLP
1054 31st Street, NW, Suite 230
Washington, DC 20007
Telephone: (202) 463-2101
Facsimile: (202) 463-2103
gporter@baileyglasser.com
rjenny@baileyglasser.com
pmuench@baileyglasser.com

*Attorneys for Plaintiffs*