## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SCOTT J.  SWAIN and KENNY L. FIORITO, on behalf of the ISCO Industries Inc. Employee Stock Ownership Plan, and on behalf of a class of other persons similarly situated,<br><br>     Plaintiffs,<br><br>v.<br><br>WILMINGTON TRUST, N.A. as successor to Wilmington Trust Retirement and Institutional Services Company,<br><br>     Defendant. | No.  1:17-cv-00071-RGA-MPT |

## ANSWER TO AMENDED COMPLAINT

Defendant Wilmington Trust, N.A. ("Wilmington Trust"),[1] by and through its

undersigned counsel, answers the Amended Complaint filed by Plaintiffs on August 6, 2018, D.I.

56, as follows:[2]

## BACKGROUND

1.     Plaintiffs Scott J. Swain and Kenny L. Fiorito ("Plaintiffs") bring this suit against Wilmington Trust, N.A. ("Wilmington Trust") as successor to Wilmington Trust Retirement and Institutional Services Company, the trustee for the ISCO Industries Inc. Employee Stock Ownership Plan (the "Plan") when the Plan acquired shares of ISCO Industries Inc. ("ISCO").

**ANSWER:** Wilmington Trust admits that Plaintiffs commenced this action asserting

certain claims against Wilmington Trust as successor to Wilmington Trust Retirement and

Institutional Services Company.  Wilmington Trust further admits that it is a successor entity to

---

[1] "Wilmington Trust" refers to Wilmington Trust, N.A., and its predecessor, Wilmington Trust Retirement and Institutional Services Company, as applicable.
[2] All allegations in the Amended Complaint that are not specifically admitted in this Answer are denied.

Wilmington Trust Retirement and Institutional Services Company.  Wilmington Trust further

admits that it acted as the independent discretionary trustee of the ISCO Industries, Inc. ("ISCO")

Employee Stock Ownership Plan (the "Plan" or the "ESOP") in connection with the Plan's

acquisition of 4 million newly-issued Class A shares of ISCO stock for $98 million on December

20, 2012 (the "ESOP Transaction").  Wilmington Trust denies the remaining allegations in

Paragraph 1.

      2.     Plaintiffs are participants in the Plan, as defined by ERISA § 3(7), 29 U.S.C. § 1002(7), who were vested in shares of ISCO allocated to their accounts in the Plan.

**ANSWER:**  Wilmington Trust lacks knowledge sufficient to form a belief as to the truth

of the allegations in Paragraph 2.

      3.     This action is brought under Sections 406, 409, and 502(a) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §§ 1106, 1109, and 1132(a), for losses suffered by the Plan, and other relief, caused by Wilmington Trust when it authorized the Plan to buy shares of ISCO in 2012 for more than fair market value.

**ANSWER:**  Paragraph 3 alleges legal conclusions for which no answer is required.  To

the extent a response is required, Wilmington Trust admits that Plaintiffs commenced this action

asserting certain claims under the Employee Retirement Income Security Act of 1974, as

amended ("ERISA").  Wilmington Trust denies the remaining allegations in Paragraph 3.

      4.     As alleged below, the Plan has been injured and its participants have been deprived of hard-earned retirement benefits as a result of Wilmington Trust's violations of ERISA's prohibited transaction rules.

**ANSWER:**  Wilmington Trust denies the allegations in Paragraph 4.

      5.     ISCO is a privately-held company.  [On December 20, 2012, ISCO and/or its prior owner(s) ("Seller") sold 4,000,000 (four million) shares of common stock in the company to the Plan and in exchange received a twenty-five year note, accruing 2.40% interest, of $98,000,000 (ninety-eight million dollars) (the "ESOP Transaction" or "Transaction").

**ANSWER:** Sentence 1 of Paragraph 5 alleges legal conclusions for which no answer is required. To the extent a response is required, Wilmington Trust admits that ISCO stock is not publicly-traded. Wilmington Trust denies the remaining allegations in Paragraph 5.

6.     Wilmington Trust represented the Plan and its participants as Trustee in the ESOP Transaction.

**ANSWER:** Wilmington Trust admits that it acted as the independent discretionary trustee of the Plan in connection with the ESOP Transaction, and further admits that it represented the Plan in connection with the ESOP Transaction. Wilmington Trust denies the remaining allegations in Paragraph 6.

7.     The ESOP Transaction allowed Seller to unload its interests in ISCO above fair market value and saddle Plan participants with millions of dollars of debt payable to ISCO to finance the transaction. Wilmington Trust failed to fulfill its duties to the Plan and Plan participants, including Plaintiffs.

**ANSWER:** Wilmington Trust denies the allegations in Paragraph 7.

8.     Plaintiffs bring this action to recover the losses incurred by the Plan, and thus by each individual account in the Plan held by them and similarly situated participants, as a result of Wilmington Trust's engaging in, and causing the Plan to engage in, prohibited transactions under ERISA.

**ANSWER:** Wilmington Trust admits that Plaintiffs commenced this action asserting certain claims under ERISA, but denies the remaining allegations in Paragraph 8.

## JURISDICTION AND VENUE

9.     This action arises under Title I of ERISA, 29 U.S.C. §§ 1001-1191c, and is brought by Plaintiffs under ERISA § 502(a), 29 U.S.C. § 1132(a), to require Wilmington Trust to make good to the Plan losses resulting from its violations of ERISA, to restore to the Plan any profits that have been made by breaching fiduciaries and parties in interest through the use of Plan assets, and to obtain other appropriate equitable and legal remedies in order to redress violations and enforce the provisions of ERISA.

**ANSWER:** Wilmington Trust admits that Plaintiffs commenced this action asserting certain claims under ERISA, but denies the remaining allegations in Paragraph 9.

10.     This Court has subject matter jurisdiction over this action pursuant to ERISA §
502(e)(1), 29 U.S.C. § 1132(e)(1).

**ANSWER:**  Paragraph 10 alleges legal conclusions for which no answer is required.  To

the extent a response is required, Wilmington Trust denies the allegations in Paragraph 10.

11.     Venue is proper in this District pursuant to ERISA § 502(e)(2), 29 U.S.C. §
1132(e)(2), because Defendant Wilmington Trust resides or may be found in this District, and
because some or all of the events or omissions giving rise to the claims occurred in this District.

**ANSWER:**  Paragraph 11 alleges legal conclusions for which no answer is required.  To

the extent a response is required, Wilmington Trust admits that venue is proper, but denies the

remaining allegations in Paragraph 11.

## PARTIES

12.     At all relevant times, Plaintiff Scott J. Swain has been a participant, as defined in
ERISA § 3(7), 29 U.S.C. § 1002(7), in the Plan.  Plaintiff Swain resides in Tioga, Pennsylvania.
He vested in shares of ISCO in his Plan account.

**ANSWER:**  Wilmington Trust lacks knowledge or information sufficient to form a belief

as to the truth of allegations in Paragraph 12.

13.     At all relevant times, Plaintiff Kenny L. Fiorito has been a participant, as defined
in ERISA § 3(7), 29 U.S.C  § 1002(7), in the Plan.  Plaintiff Fiorito resides in Gresham, Oregon.
He vested in shares of ISCO in his Plan account.

**ANSWER:**  Wilmington Trust lacks knowledge or information sufficient to form a belief

as to the truth of allegations in Paragraph 13.

14.     Defendant Wilmington Trust is a trust company chartered in Delaware.  Its main
office is at 1100 North Market Street, Wilmington, Delaware 19890.  Wilmington Trust is a
wholly- owned subsidiary of Wilmington Trust Corporation, which is also headquartered at 1100
North Market Street, Wilmington, Delaware 19890.  Wilmington Trust Corporation is a wholly-
owned division of M&T Bank Corporation.  M&T Bank Corporation is headquartered in Buffalo,
New York.

**ANSWER:**  Wilmington Trust admits the allegations in sentence 1 of Paragraph 14.

Wilmington Trust admits that its principal place of business and headquarters and the principal

place of business and headquarters of Wilmington Trust Corporation are at 1100 North Market

4

Street, Wilmington, Delaware 19890, but denies the remaining allegations in sentences 2 and 3

of Paragraph 14.  Wilmington Trust denies the allegations in sentence 4 of Paragraph 14.

Wilmington Trust admits the allegations in sentence 5 of Paragraph 14.

15.     Defendant Wilmington Trust was the Trustee of the Plan at the time of the ESOP
Transaction.  Wilmington Trust at all relevant times was a "fiduciary" under ERISA because it
was the Trustee.  As Trustee, Wilmington Trust had exclusive authority to manage and control
the assets of the Plan and had sole and exclusive discretion to authorize the ESOP Transaction.
Wilmington Trust was also a party in interest under ERISA § 3(14), 29 U.S.C. § 1002(14), at all
relevant times.

**ANSWER:**  Wilmington Trust admits that it acted as the independent discretionary

trustee of the Plan in connection with the ESOP Transaction.  The remainder of Paragraph 15

alleges legal conclusions for which no answer is required.  To the extent a response is required,

Wilmington Trust admits that it acted as the independent discretionary trustee of the Plan in

connection with the ESOP Transaction, but denies the remaining allegations in Paragraph 15.

16.     Wilmington Trust was replaced as Trustee of the Plan in September 2017.

**ANSWER:**  Wilmington Trust admits the allegations in Paragraph 16.

## FACTUAL ALLEGATIONS

17.     ISCO is a privately held entity that, around the relevant period, had more than 350
employees.  ISCO bills itself as a "global customized piping solutions provider" that "sells a
wide variety of piping materials and provides solutions for various environmental, geothermal,
golf, industrial, landfill, mining, municipal, nuclear, waterworks and culvert-lining applications
worldwide."  The company has more than 30 facilities in the United States, Canada, Australia
and Chile.

**ANSWER:**  Wilmington Trust admits that ISCO is a privately-held entity.  Wilmington

Trust lacks sufficient knowledge or information to form a belief as to the truth of the remainder

of the first sentence and second sentence of Paragraph 17.  Wilmington Trust admits the

allegations in sentence 3 of Paragraph 17.

18.     ISCO is headquartered at 100 Witherspoon Street 2West, Louisville, Kentucky
40202.

**ANSWER:** Wilmington Trust admits that ISCO is headquartered at 100 Witherspoon Street 2West, Louisville, Kentucky 40202.

19.     ISCO is an S corporation.  ISCO stock is not, and at all times from January 1, 2012 to present was not, readily tradable on an established securities market.

**ANSWER:** Wilmington Trust admits the allegations in Paragraph 19.

20.     ISCO adopted the Plan with an effective date of January 1, 2012.

**ANSWER:** Wilmington Trust admits the allegations in Paragraph 20.

21.     The Plan is a retirement plan governed by ERISA.

**ANSWER:** Paragraph 21 alleges legal conclusions for which no answer is required.  To the extent a response is required, Wilmington Trust admits that the Plan was an employee stock ownership plan subject to ERISA, but denies the remaining allegations in Paragraph 21.

22.     The Plan provides for an individual account for each participant and for benefits based solely upon the amount contributed to the participant's account, and any income, expenses, gains, and losses, and any forfeitures of accounts of other participants which may be allocated to such participant's account.

**ANSWER:** Wilmington Trust admits that Plaintiffs appear to have paraphrased the ISCO Industries, Inc. Employee Stock Ownership Plan document ("Plan Document") and/or the Summary Plan Description for the Plan ("SPD") in Paragraph 22, and relies on the Plan Document and the SPD to speak for themselves.  Wilmington Trust further admits that the Plan provided for individual accounts in the name of each participant.

23.     As of the Plan's Form 5500 Annual Return/Report of Employee Benefit Plan for 2015, filed on October 10, 2016, the Internal Revenue Service had not issued a determination that the Plan was qualified under Internal Revenue Code (IRC) Section 401, 26 U.S.C. § 401, or that it was an employee stock ownership plan (ESOP) under ERISA § 407(d)(6), 29 U.S.C. § 1107(d)(6).

**ANSWER:** Wilmington Trust admits that Plaintiffs have paraphrased, quoted, and/or cited to the Plan's Form 5500 for 2015 in Paragraph 23, and relies on the Form 5500 to speak for itself.

24.    According to the Plan's Form 5500 Annual Return/Report of Employee Benefit Plan for 2016, filed on October 11, 2017, the Internal Revenue Service ("IRS") determined on February 23, 2017 "that the Plan, as then designed, was in compliance with the applicable requirements of the IRC." However, the Plan was amended after receiving that determination letter and the IRS has not issued a determination letter on consideration of the amended Plan or Plan operations after the amendments went into effect.

**ANSWER:** Wilmington Trust admits that Plaintiffs have paraphrased, quoted, and/or cited to the Plan's Form 5500 for 2015 in sentence 1 of Paragraph 24, and relies on the Form 5500 to speak for itself. Wilmington Trust lacks knowledge sufficient to form a belief as to the truth of the allegations in sentence 2 of Paragraph 24.

25.    The Plan's principal asset was ISCO stock at all times from its inception to February 14, 2018, when, on information and belief, it was made to sell the stock.

**ANSWER:** Wilmington Trust admits that the Plan has invested primarily in ISCO stock since its adoption in 2012. Wilmington Trust lacks knowledge sufficient to form a belief as to the remaining allegations in Paragraph 24.

26.    ISCO identifies the Plan as intended to be a leveraged employee stock ownership plan, or "Leveraged ESOP."

**ANSWER:** Wilmington Trust admits that Plaintiffs have paraphrased, quoted, and/or cited to the Plan's Form 5500 in Paragraph 26, and relies on the Form 5500 to speak for itself.

27.    ISCO is the sponsor of [the Plan within the meaning of ERISA § 3(16)(B), 29 U.S.C. § 1002(16)(B).

**ANSWER:** Paragraph 27 alleges legal conclusions for which no answer is required. To the extent a response is required, Wilmington Trust admits the allegations in Paragraph 27.

28.    Employees of ISCO participate in the Plan.

**ANSWER:**  Wilmington Trust admits that participants in the Plan were employees of

ISCO, but denies the remaining allegations in Paragraph 28.

29.     ISCO is the Plan's administrator within the meaning of ERISA § 3(16)(A), 29
U.S.C. § 1002(16)(A).

**ANSWER:**  Paragraph 29 alleges legal conclusions for which no answer is required.  To

the extent a response is required, Wilmington Trust admits the allegations in Paragraph 29.

30.     ISCO appointed Wilmington Trust as Trustee of the ESOP in 2012 for the
purpose of representing the Plan in the proposed ESOP Transaction.  As Trustee, Wilmington
had sole and exclusive authority to approve the ESOP Transaction on behalf of the Plan,
including the price the Plan paid for ISCO stock.

**ANSWER:**  Paragraph 30 alleges legal conclusions for which no answer is required.  To

the extent a response is required, Wilmington Trust admits that it acted as the independent

discretionary trustee of the Plan in connection with the ESOP Transaction, and further admits

that it approved the ESOP Transaction.  Wilmington Trust denies the remaining allegations in

Paragraph 30.

31.     The Plan was administered initially at 926 Baxter Avenue, Louisville, Kentucky
40204.  Since about late 2015, the Plan has been administered at 100 Witherspoon Street 2West,
Louisville, Kentucky 40202.

**ANSWER:**  Wilmington Trust admits the allegations in the first sentence of Paragraph

31.  Wilmington Trust further admits that the Plan was administered at 100 Witherspoon Street

2West, Louisville, Kentucky 40202.

32.     As Trustee for the Plan, it was Wilmington Trust's exclusive duty to ensure that
any transactions between the Plan and Seller, including acquisitions of ISCO stock by the Plan
and loans to the Plan, were fair and reasonable and to ensure that the Plan paid no more than fair
market value.

**ANSWER:**  Paragraph 32 alleges legal conclusions for which no answer is required.  To

the extent a response is required, Wilmington Trust denies the allegations in Paragraph 32.

33.     On December 20, 2012, Wilmington Trust, in its capacity as Trustee of the Plan,
caused the Plan to purchase all 4,000,000 outstanding and issued shares of ISCO common stock

8

from Seller in consideration for payment of $98,000,000. As a result, ISCO was wholly owned by the Plan.

**ANSWER:** Wilmington Trust admits that it acted as the independent discretionary trustee of the Plan in connection with the ESOP Transaction, and further admits that it approved the ESOP Transaction. Wilmington Trust denies the remaining allegations in Paragraph 33.

34. The sale was seller-funded by a $98,000,000 loan from ISCO to the Plan to be used to buy ISCO stock. Wilmington Trust caused the Plan to issue a note payable to ISCO in the amount of $98,000,000 to purchase the ISCO stock. It was payable in full over twenty-five years at a rate of 2.40% per annum.

**ANSWER:** Wilmington Trust admits that the ESOP Transaction was financed with a $98.0 million promissory note from ISCO to the ESOP. Wilmington Trust further admits that the promissory note had a 25-year term, and an interest rate of 2.40%. Wilmington Trust further admits that, acting as the independent discretionary trustee of the Plan in connection with the ESOP Transaction, it caused the ESOP to enter into the promissory note. Wilmington Trust denies the remaining allegations in Paragraph 34.

35. The members of the Fiduciary Services Sub-Committee of Wilmington Trust who voted on the ESOP Transaction voted unanimously to approve the ESOP Transaction on behalf of the trustee, Wilmington Trust.

**ANSWER:** Wilmington Trust admits the allegations in Paragraph 35.

36. CSG Partners, LLC ("CSG"), a New York-based boutique investment bank, advised ISCO in the ESOP transaction.

**ANSWER:** Wilmington Trust admits that CSG Partners, LLC ("CSG") advised ISCO in the ESOP Transaction, but denies the remaining allegations in Paragraph 36.

37. CSG marketing materials say it can structure ESOP transactions such that selling shareholders will continue to control the company, exercising control through the board of directors and other corporate governance tools, even where the ESOP purchases 100% of the company.

**ANSWER:** Wilmington Trust lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37.

38.     James Kirchdorfer, Jr., Chief Executive Officer (CEO) of ISCO, said that "CSG Partners provided tremendous expertise in leading the transaction for ISCO, from advising on structures, negotiating the deal terms, raising capital, and quarterbacking the entire process." *CSG Partners Advises ISCO Industries on ESOP Transaction*, CSG News Release (Jan. 14, 2013).

**ANSWER:**  Wilmington Trust admits that Plaintiffs have paraphrased, quoted, and/or cited to a CSG News Release and relies on the CSG News Release to speak for itself.

39.     ISCO was founded in 1962 by James Kirchdorfer, Sr.

**ANSWER:**  Wilmington Trust admits the allegations in Paragraph 39.

40.     ISCO was a Kirchdorfer family-owned and operated company when the Plan purchased it in 2012.

**ANSWER:**  Wilmington Trust admits that certain members of the Kirchdorfer family owned shares of ISCO at the time of the ESOP Transaction and that certain members of the Kirchdorfer family served as ISCO executives at the time of the ESOP Transaction, but denies the remaining allegations in Paragraph 40.

41.     James Kirchdorfer, Jr. and Mark Kirchdorfer are the sons of James Kirchdorfer, Sr. Prior to the ESOP Transaction, James Kirchdorfer, Jr. served as Chief Executive Officer (CEO).  Prior to the ESOP Transaction, Mark Kirchdorfer served as Chief Operating Officer (COO) and then President.

**ANSWER:**  Wilmington Trust lacks knowledge or information sufficient to form a belief as to the truth of the allegations in sentence 1 of Paragraph 41.  Wilmington Trust admits that, prior to the ESOP Transaction, James Kirchdorfer, Jr. served as ISCO's Chief Executive Officer. Wilmington Trust further admits that, prior to the ESOP Transaction, Mark Kirchdorfer served as ISCO's President.  Wilmington Trust lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 41.

42.     In a release dated January 8, 2013 titled *ISCO Industries Moves to Employee Ownership with ESOP*, ISCO promised: "The ESOP will not change ISCO's day-to-day operations or management."

**ANSWER:** Wilmington Trust admits that Plaintiffs have paraphrased, quoted, and/or cited to a press release and relies on the press release to speak for itself.

43. The PRNewswire reported on January 14, 2013 that: "As part of the transaction, the management team for ISCO will remain in place."

**ANSWER:** Wilmington Trust admits that Plaintiffs have paraphrased, quoted, and/or cited to a PRNewswire report and relies on the PRNewswire report to speak for itself

44. As reported on Forbes.com on October 11, 2013, James Kirchdorfer, Jr. stated that by selling ISCO to an ESOP: "We were able to control the trajectory of the business."

**ANSWER:** Wilmington Trust admits that Plaintiffs have paraphrased, quoted, and/or cited to Forbes.com and relies on Forbes.com to speak for itself.

45. James Kirchdorfer, Jr. and Mark Kirchdorfer are co-Chairmen of ISCO.

**ANSWER:** Wilmington Trust denies the allegations in Paragraph 45.

46. Plaintiffs further allege that the following factual allegations in this paragraph will likely have evidentiary support after a reasonable opportunity for further investigation or discovery. The Plan paid a control premium for ISCO and did not receive a discount for lack of control. However, the Plan did not obtain control over the ISCO board of directors upon its 2012 purchase of the company. The Plan therefore overpaid for ISCO.

**ANSWER:** Sentence 1 of Paragraph 46 contains no allegations requiring a response. Wilmington Trust denies the remaining allegations in Paragraph 46.

47. As Trustee, Wilmington Trust is subject to liability for a payment by the Plan of more than fair market value for ISCO caused by the Plan's payment of a control premium where the previous owner(s) retained control of ISCO, the Plan's failure to receive a discount for lack of control, and/or other factors in Wilmington Trust's faulty valuation of ISCO in the ESOP Transaction.

**ANSWER:** Wilmington Trust denies the allegations in Paragraph 47.

48. As of December 31, 2012, the ISCO shares purchased by the Plan in the ESOP Transaction were re-valued at $39,000,000 (thirty-nine million dollars).

**ANSWER:** Wilmington Trust denies the allegations in Paragraph 48.

49.     That is, an independent appraiser for purposes of a 2012 year-end report valued the fair market value of the Plan's ISCO stock $59,000,000 (fifty-nine million dollars) lower just eleven days after the Plan purchased it.

**ANSWER:** Wilmington Trust denies the allegations in Paragraph 49.

50.     This reduction in value amounted to a change of more than 60%.

**ANSWER:** Wilmington Trust denies the allegations in Paragraph 50.

51.     Wilmington Trust is liable to the Plan for the difference between the price paid by the Plan and the actual value of ISCO shares at the time of the ESOP Transaction

**ANSWER:** Wilmington Trust denies the allegations in Paragraph 51.

## CLAIMS FOR RELIEF

## COUNT I

### Causing and Engaging in Prohibited Transactions Forbidden by ERISA § 406(a)-(b), 29 U.S.C. § 1106(a)-(b)

52.     Plaintiffs incorporate the preceding paragraphs as though set forth herein.

**ANSWER:** Wilmington Trust reasserts its responses to Paragraphs 1 through 51 of the

Amended Complaint and incorporates the same as if fully set forth herein.

53.     ERISA § 406(a)(1)(A), 29 U.S.C. § 1106(a)(1)(A), prohibits a plan fiduciary, here Wilmington Trust, from causing a plan, here the Plan, from engaging in a sale or exchange of any property, here ISCO stock, with a party in interest, here ISCO (the Plan's sponsor and administrator, whose employees participate in the Plan) or other party in interest sellers.  ERISA § 406(a)(1)(B), 29 U.S.C. § 1106(a)(1)(B), prohibits Wilmington Trust from causing the Plan to borrow money from party in interest ISCO.

**ANSWER:** Paragraph 53 alleges legal conclusions for which no answer is required. To

the extent a response is required, Wilmington Trust admits that Plaintiffs have paraphrased,

quoted, and/or cited to language from certain statutes and rules and relies on those statutes and

rules to speak for themselves.  Wilmington Trust denies the remaining allegations in Paragraph

53.

54.     The stock and loan transactions between the Plan and Seller were authorized by Wilmington Trust in its capacity as Trustee for the Plan.

**ANSWER:**  Wilmington Trust admits that it acted as the independent discretionary trustee of the Plan in connection with the ESOP Transaction, and further admits that it approved the ESOP Transaction.  Wilmington Trust denies the remaining allegations in Paragraph 54.

55.     Wilmington Trust caused the Plan to engage in prohibited transactions in violation of ERISA § 406(a), 29 U.S.C. § 1106(a), in the ESOP Transaction.

**ANSWER:**  Paragraph 55 alleges legal conclusions for which no answer is required.  To the extent a response is required, Wilmington Trust denies the allegations in Paragraph 55.

56.     ERISA § 406(b), 29 U.S.C. § 1106(b), *inter alia*, mandates that a plan fiduciary shall not "act in any transaction involving the plan on behalf of a party (or represent a party) whose interests are adverse to the interests of the plan or the interests of its participants," or "receive any consideration for his own personal account from any party dealing with such plan in connection with a transaction involving the assets of the plan."

**ANSWER:**  Wilmington Trust admits that Plaintiffs have paraphrased, quoted, and/or cited to language from certain statutes and rules and relies on those statutes and rules to speak for themselves.

57.     Wilmington Trust acted on behalf of Seller in connection with the Plan's stock and loan transactions in 2012 with Seller by causing the Plan to acquire ISCO stock and a loan. This greatly benefited Seller to the substantial detriment of the Plan, even though Wilmington Trust was required to serve the interests of the Plan in connection with any such transaction.

**ANSWER:**  Wilmington Trust denies the allegations in Paragraph 57.

58.     Wilmington Trust received compensation from ISCO as Trustee for the Plan in violation of ERISA § 406(b)(3).

**ANSWER:**  Paragraph 58 alleges legal conclusions for which no answer is required.  To the extent a response is required, Wilmington Trust denies the allegations in Paragraph 58.

59.     Wilmington Trust caused and engaged in prohibited transactions in violation of ERISA §§ 406(b)(2) and 406(b)(3) in the ESOP Transaction.

**ANSWER:** Paragraph 59 alleges legal conclusions for which no answer is required.  To

the extent a response is required, Wilmington Trust denies the allegations in Paragraph 59.

60.    ERISA § 409, 29 U.S.C. § 1109, provides, *inter alia*, that any person who is a fiduciary with respect to a plan and who breaches any of the responsibilities, obligations, or duties imposed on fiduciaries by Title I of ERISA shall be personally liable to make good to the plan any losses to the plan resulting from each such breach, and additionally is subject to such other equitable or remedial relief as the court may deem appropriate, including removal of the fiduciary.

**ANSWER:** Wilmington Trust admits that Plaintiffs have paraphrased, quoted, and/or

cited to language from certain statutes and rules and relies on those statutes and rules to speak for

themselves.

61.    ERISA § 502(a), 29 U.S.C. § 1132(a), permits a plan participant to bring a suit for relief under ERISA § 409 and to obtain appropriate equitable relief to enforce the provisions of Title I of ERISA or to enforce the terms of a plan.

**ANSWER:** Wilmington Trust admits that Plaintiffs have paraphrased, quoted, and/or

cited to language from certain statutes and rules and relies on those statutes and rules to speak for

themselves.

62.    Wilmington Trust has caused millions of dollars of losses to the Plan by the prohibited transactions in an amount to be proven more specifically at trial.

**ANSWER:** Wilmington Trust denies the allegations in Paragraph 62.

## CLASS ACTION ALLEGATIONS

63.    Plaintiffs bring this action as a class action pursuant to Fed. R. Civ. P. 23(a) and (b), on behalf of the following class:

All persons who were vested participants in the ISCO Industries Inc. Employee Stock Ownership Plan.  Excluded from the Class are the shareholders and entities controlled by them who sold their ISCO stock to the Plan and their immediate families; the directors of ISCO; and legal representatives, successors, and assigns of any such excluded persons.

**ANSWER:** Wilmington Trust admits that Plaintiffs purport to bring this action under

Rule 23 of the Federal Rules of Civil Procedure on behalf of all persons who were participants in

the Plan with the exception of the shareholders and entities who sold their stock to the Plan and

their immediate families, the directors of ISCO, and the legal representatives, successors, and

assigns of any excluded persons.  Wilmington Trust denies the remaining allegations in

Paragraph 63.

64.     The Class is so numerous that joinder of all members is impracticable.  Although the exact number and identities of Class members are unknown to Plaintiffs at this time, the Plan's Form 5500 filing for 2015 indicates that there were 392 participants, and beneficiaries of deceased participants receiving or entitled to receive benefits, in the Plan as of December 31, 2015.

**ANSWER:**  Wilmington Trust admits that Plaintiffs have paraphrased, quoted, and/or

cited to the Plan's Form 5500 in sentence 2 of Paragraph 64 and relies on the Form 5500 to speak

for itself.  Wilmington Trust denies the remaining allegations in Paragraph 64.

65.     Questions of law and fact common to the Class as a whole include, but are not limited to, the following:

i.      Whether Wilmington Trust served as Trustee in the Plan's acquisition of ISCO stock;

ii.     Whether Wilmington Trust was an ERISA fiduciary of the Plan;

iii.    Whether Wilmington Trust engaged in prohibited transactions under ERISA by permitting the Plan to purchase ISCO stock and take a loan from ISCO;

iv.     Whether Wilmington Trust engaged in a good faith valuation of the ISCO stock in connection with the ESOP Transaction;

v.      Whether Wilmington Trust caused the Plan to pay more than fair market value for ISCO stock;

vi.     Whether Wilmington Trust engaged in a prohibited transaction under ERISA by acting on behalf of a party adverse to the Plan and its participants in the ESOP Transaction;

vii.    Whether Wilmington Trust engaged in a prohibited transaction under ERISA by receiving consideration for its own account in the ESOP Transaction;

viii.   Whether the seller or sellers of ISCO stock to the Plan were parties in interest; and

ix.     The amount of losses suffered by the Plan and its participants as a result of Wilmington Trust's ERISA violations.

**ANSWER:** Paragraph 65 alleges legal conclusions for which no answer is required. To the extent a response is required, Wilmington Trust denies the allegations in Paragraph 65.

66.     Plaintiffs' claims are typical of those of the Class. For example, Plaintiffs, like other Plan participants in the Class, suffered a diminution in the value of their Plan accounts because the Plan paid more than fair market value and took an excessive loan for ISCO stock, and they continue to suffer such losses in the present because Wilmington Trust failed to correct the overpayment by the Plan in its time as Trustee.

**ANSWER:** Paragraph 66 alleges legal conclusions for which no answer is required. To the extent a response is required, Wilmington Trust denies the allegations in Paragraph 66.

67.     Plaintiffs will fairly and adequately represent and protect the interests of the Class. Plaintiffs have retained counsel competent and experienced in complex class actions, ERISA, and employee benefits litigation.

**ANSWER:** Sentence 1 of Paragraph 67 alleges legal conclusions for which no answer is required. To the extent a response is required, Wilmington Trust denies the allegations in sentence 1 of Paragraph 67. Wilmington Trust lacks knowledge or information sufficient to form a belief as to the truth of the allegations in sentence 2 of Paragraph 67.

68.     Class certification of Plaintiffs' Claims for Relief for the alleged violations of ERISA is appropriate pursuant to Fed. R. Civ. P. 23(b)(1) because the prosecution of separate actions by individual Class members would create a risk of inconsistent or varying adjudications which would establish incompatible standards of conduct for Wilmington Trust, and/or because adjudications with respect to individual Class members would as a practical matter be dispositive of the interests of non-party Class members.

**ANSWER:** Paragraph 68 alleges legal conclusions for which no answer is required. To the extent a response is required, Wilmington Trust denies the allegations in Paragraph 68.

69.     The names and addresses of the Class members are available from the Plan. Notice will be provided to all members of the Class to the extent required by Fed. R. Civ. P. 23.

**ANSWER:** Wilmington Trust lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 69.

## PRAYER FOR RELIEF

In response to Plaintiffs' Prayer for Relief and each subpart thereof, Wilmington Trust denies that Plaintiffs are entitled to any of the relief requested or to any relief whatsoever.

## DEFENSES

### FIRST DEFENSE

The Amended Complaint fails, in whole or in part, to state a cause of action upon which relief can be granted.

### SECOND DEFENSE

Plaintiffs' claims are or may be barred, in whole or in part, by Plaintiffs' lack of standing to assert such claims.

### THIRD DEFENSE

Plaintiffs' claims are or may be barred, in whole or in part, by the applicable statutes of limitations or repose.

### FOURTH DEFENSE

Plaintiffs' claims are or may be barred, in whole or in part, because the Court lacks subject matter jurisdiction over such claims under Rule 12(b)(1) of the Federal Rules of Civil Procedure.

### FIFTH DEFENSE

Some of all of Plaintiffs' claims are or may be barred by the doctrines of laches, waiver, release, and/or ratification.

17

## SIXTH DEFENSE

The ESOP Transaction and the loan that financed it are exempt from ERISA's prohibited transaction rules because they satisfy the applicable exemptions set forth in ERISA § 408, 29 U.S.C. § 1108.

## RESERVATION OF DEFENSES

Wilmington Trust reserves the right to assert any additional defenses and matters in avoidance that may be discovered or disclosed during the course of additional investigation or discovery.

Dated:  August 27, 2018

MORRIS JAMES LLP

OF COUNSEL:

Michael J. Prame (*pro hac vice*)
Sarah L. Martin (*pro hac vice*)
GROOM LAW GROUP, CHARTERED
1701 Pennsylvania Ave., N.W., Suite 1200
Washington, D.C. 20006
Telephone:  (202) 857-0620
mprame@groom.com
smartin@groom.com

_/s/ Albert H. Manwaring, IV_
P. Clarkson Collins, Jr. (#739)
Albert H. Manwaring, IV (#4339)
500 Delaware Avenue, Suite 1500
Wilmington, DE 19801
Telephone:  (302) 888-6800
pcollins@morrisjames.com
amanwaring@morrisjames.com

*Attorneys for Defendant Wilmington Trust, N.A.*

18