IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SCOTT J. SWAIN and KENNY FIORITO, on behalf of the ISCO Industries Inc. Employee Stock Ownership Plan, and on behalf of a class of all other persons similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>WILMINGTON TRUST, N.A., as successor to Wilmington Trust Retirement and Institutional Services Company,<br><br>Defendant. | C.A. No. 17-071-RGA-MPT |

## [PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND PROPOSED NOTICE OF SETTLEMENT

Plaintiffs Scott J. Swain and Kenny Fiorito ("Plaintiffs" or "Class Representatives") have moved, pursuant to Federal Rule of Civil Procedure 23(e), for an order preliminarily approving the settlement of this Action, in accordance with the Class Action Settlement Agreement dated December 23, 2019 (the "Settlement Agreement"), which, together with the exhibits thereto, sets forth the terms and conditions for a proposed settlement of this action. The Court having read and considered the Settlement Agreement and the exhibits thereto,

IT IS HEREBY ORDERED that:

1. **Settlement.** Plaintiffs, on behalf of themselves and all members of the Class, and Defendant Wilmington Trust, N.A. ("Wilmington Trust") have negotiated a potential settlement to this action to avoid the expense, uncertainties, and burden of protracted litigation, and to

resolve the Released Claims (as defined in the Settlement Agreement) against Wilmington Trust and the other Releasees (as defined in the Settlement Agreement).

2. **Definitions.** This Order incorporates by reference the definitions in the Settlement Agreement, and all capitalized terms used, but not defined herein, shall have the same meanings as in the Settlement Agreement.

3. **Jurisdiction.** This Court has jurisdiction over the subject matter of this action and over all parties to this action, including all Class Members, and venue in this Court is proper.

4. **Preliminary Approval.** The Court hereby preliminarily approves the Settlement Agreement as fair, reasonable, and adequate, subject to further consideration at the Fairness Hearing described below. The Court finds on a preliminary basis that the Settlement Agreement falls within the range of reasonableness and was the product of informed, good-faith, arm's-length negotiations between the Parties and their counsel, and therefore meets the requirements for preliminary approval.

5. **Settlement Class.** The Court conditionally certifies, for settlement purposes only (and for no other purpose and with no other effect upon this action, including no effect upon this action should the Final Order not be entered or should the Effective Date not occur), a class defined as:

> All persons who, at any time, were vested participants in the ISCO Industries Inc. Employee Stock Ownership Plan. Excluded from the Settlement Class are the 2012 ISCO Shareholders, 2018 ISCO Shareholders, the directors of ISCO, and legal representatives, successors, and assigns of any such excluded persons.

6. The Court finds, for settlement purposes only, that class certification under Fed. R. Civ. P. 23(b)(3) is appropriate in that, in the settlement context: (a) the Members of the Class are so numerous that joinder of all Class Members in the class action is impracticable; (b) there are

questions of law and fact common to the Settlement Class which predominate over any individual question; (c) the claims of the Class Representatives are typical of the claims of the Settlement Class; (d) the Class Representatives and their counsel will fairly and adequately represent and protect the interests of the Class Members; (e) the Settlement Class is ascertainable; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

7. **Designation of Class Representatives and Class Counsel.** The Court appoints the Plaintiffs Scott J. Swain and Kenny Fiorito as Class Representatives, and the law firm of Bailey & Glasser LLP, as Class Counsel for the Settlement Class.

8. **Final Approval Hearing.** A hearing (the "Fairness Hearing") shall be held before this Court, on June 5, 2020, at 2 p.m., at the United States District Court for the District of Delaware, 844 North King Street, Wilmington, Delaware 19801, Unit 9, Room 6325, to determine, among other things: (i) whether the proposed Settlement of this action on the terms and conditions provided for in the Settlement Agreement is fair, reasonable, and adequate to the Settlement Class and should be approved by the Court; (ii) whether a Final Order as provided in Paragraph 1.6 of the Settlement Agreement should be entered; (iii) whether Class Members should be bound by the Releases set forth in Paragraph 3 of the Settlement Agreement; and (iv) any amount of fees and expenses that should be awarded to Class Counsel and any Service Award to the Class Representatives for their representation of the Settlement Class. The Parties shall include the date of the Fairness Hearing in the Class Notice to be mailed to the Settlement Class.

9. **Class Notice.** The Court approves the form, substance and requirements of the proposed Class Notice, attached to the Settlement Agreement as Exhibit 1-A. The Court further finds that

the form, content and mailing or emailing of the Class Notice meet the requirements of Rule 23 and due process. The Court further finds that this is the best notice practicable under the circumstances and is reasonably calculated, under all the circumstances, to apprise potential Class Members of the pendency of this action, and to apprise Class Members of their right to object to the proposed Settlement and their right to appear at the Fairness Hearing. The Court further finds that the Class Notice constitutes valid, due and sufficient notice to all persons entitled to notice.

10. **Settlement Administrator**. The Court appoints KCC, LLC ("Settlement Administrator") to supervise and administer the notice procedure as more fully set forth below:

    a. At least ninety (90) days before the Fairness Hearing (the "Notice Date"), Plaintiffs shall cause the Class Notice to be disseminated to the Class Members and shall post the Class Notice, and the operative Complaint and Answer in this action, as well as contact information for the Settlement Administrator and Class Counsel, on a website for the Settlement Class;

    b. the Class Notice shall be substantially in the form of Exhibit 1-A to the Settlement Agreement (though the Settlement Administrator shall have discretion to format the Class Notice in a reasonable manner to minimize mailing or administration costs), by first class U.S. mail to each individual on the Notice List;

    c. Following the issuance of the Class Notice, the Settlement Administrator shall provide counsel with written confirmation of the mailing; and

    d. The Settlement Administrator shall otherwise carry out its duties as set forth in the Settlement Agreement.

11. **Objections.** Any Class Member may object to the proposed Settlement, or any aspect of it including attorneys' fees and expenses, and Service Awards, by filing a written objection with the Clerk of the United States District Court for the District of Delaware, United States District Court for the District of Delaware, 844 North King Street, Wilmington, Delaware 19801, Unit 9, Room 6325, on or before twenty-one (21) calendar days before the Fairness Hearing. A copy of the objection must also be mailed to Class Counsel and Defense Counsel, so that it is received on or before twenty-one (21) calendar days before the Fairness Hearing. To be valid, the objection must set forth, in clear and concise terms: (a) the case name and number (*Swain, et al. v. Wilmington Trust N.A.*, No. 17-cv-071-RGA-MPT); (b) the name, address, and telephone number of the objector objecting and, if represented by counsel, of his or her counsel; (c) the complete basis for objection; (d) a statement of whether the objector intends to appear at the Fairness Hearing, either with or without counsel; (e) a statement of whether the objection applies only to the objector, to a specific subset of the class, or to the entire class, and (f) copies of all supporting documents. Any Class Member who does not make his or her objection in the manner provided shall be deemed to have waived such objection, shall not be permitted to object to any terms or approval of the Settlement at the Fairness Hearing, and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the proposed Settlement as incorporated in the Settlement Agreement, and to the award of attorneys' fees and expenses to Class Counsel and the payment of a Service Award to the Class Representatives for their representation of the Class, unless otherwise ordered by the Court. Responses to objections shall be filed 10 days before the Fairness Hearing.

12. **Appearance of Objectors at Fairness Hearing**. Any Class Member who files and serves a written objection in accordance with Paragraph 11 of this Order may appear, in person

or by counsel, at the Fairness Hearing, to show cause why the proposed Settlement should not be approved as fair, adequate, and reasonable, but only if the objector: (a) files with the Clerk of the Court a notice of intention to appear at the Fairness Hearing by the objection deadline ("Notice of Intention to Appear"); and (b) serves the Notice of Intention to Appear on Class Counsel and Defense Counsel by the objection deadline.

The Notice of Intention to Appear must include copies of any papers, exhibits, or other evidence that the objector will present to the District Court in connection with the Fairness Hearing. Any Class Member who does not file a Notice of Intention to Appear in accordance with the deadlines and other specifications set forth in the Settlement Agreement and Class Notice shall be deemed to have waived his or her right to appear.

13. **Service of Motion for Final Approval.** The motion in support of final approval of the Settlement and Class Counsel's application for attorneys' fees and expenses and Class Representative Service Awards shall be filed and served no later than forty-five (45) calendar days prior to the Fairness Hearing and any responsive papers shall be filed and served no later than twenty-one (21) calendar days prior to the Fairness Hearing.

14. **Fees, Expenses, and Awards.** Neither Wilmington Trust nor the Releasees shall have any responsibility for any application for attorneys' fees and expenses or Service Award request submitted by Class Counsel, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the Settlement. At or after the Fairness Hearing, the Court shall determine whether any application for attorneys' fees and expenses, and any Service Award to the Class Representatives for their representation of the Settlement Class, should be approved.

15. **Releases.** If the Settlement is finally approved, the Plaintiffs and the Settlement Class shall release the Releasees from all Released Claims, shall be prohibited from bringing or pursuing other actions based on such claims, and will be bound by the Final Approval Order.

16. **Use of Order.** Neither this Order, the fact that a settlement was reached and filed, the Settlement Agreement, nor any related negotiations, statements, or proceedings shall be construed as, offered as, admitted as, received as, used as, or deemed to be an admission or concession of liability or wrongdoing whatsoever or breach of any duty on the part of Wilmington Trust. This Order is not a finding of the validity or invalidity of any of the claims asserted or defenses raised in this action. In no event shall this Order, the fact that a settlement was reached, the Settlement Agreement, or any of its provisions or any negotiations, statements, or proceedings relating to it in any way be used, offered, admitted, or referred to in this action, in any other action, or in any judicial, administrative, regulatory, arbitration, or other proceeding, by any person or entity, except by the Parties and only the Parties in a proceeding to enforce the Settlement Agreement.

17. **Continuance of Fairness Hearing.** The Court reserves the right to continue the date of the Fairness Hearing without further notice to the Class Members, and retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement. The Court may approve the Settlement, with such modifications as may be agreed to by the Parties, if appropriate, without further notice to the Settlement Class.

18. **Stay of Proceedings.** All proceedings in this action are stayed until further Order of this Court, except as may be necessary to implement the Settlement or comply with the terms of the Settlement Agreement.

19. **No Merits Determination.** By entering this Order, the Court does not make any determination as to the merits of this case.

20. **Jurisdiction.** This Court retains jurisdiction over this action to consider all further matters arising out of or connected with the Settlement Agreement and the Settlement.

IT IS SO ORDERED

Dated: January 21, 2020

THE HONORABLE RICHARD G. ANDREWS
UNITED STATES DISTRICT JUDGE

# EXHIBIT 1A

# NOTICE OF PROPOSED CLASS ACTION SETTLEMENT

**PLEASE READ THIS NOTICE CAREFULLY.
A FEDERAL COURT AUTHORIZED THIS NOTICE.
THIS IS NOT A SOLICITATION.**

You are receiving this notice because the records of the ISCO Industries, Inc. Employee Stock Ownership Plan indicate that you were a participant in the Plan at some time during the period January 1, 2012 through February 14, 2018. Your rights may be affected by a proposed class action settlement of this lawsuit.

**Please read the following information carefully to find out what the lawsuit is about, what the terms of the proposed settlement are, what rights you have to object to the proposed settlement if you disagree with its terms, and what deadlines apply to the right to object to the proposed settlement.**

### WHAT THIS LAWSUIT IS ABOUT

Plaintiffs Scott J. Swain and Kenny L. Fiorito ("Plaintiffs"), participants in the ISCO Industries, Inc. Employee Stock Ownership Plan ("the Plan"), filed this lawsuit against Wilmington Trust, N.A. ("Wilmington Trust"), in the U.S. District Court for the District of Delaware (the "Lawsuit"). The Lawsuit claims that Wilmington Trust violated a federal statute, the Employee Retirement Income Security Act of 1974 ("ERISA") in connection with the purchase of 4 million shares of ISCO Industries, Inc. ("ISCO") stock by the Plan on or about December 20, 2012, for $98 million (the "ESOP Transaction").

Specifically, Plaintiffs allege that Wilmington violated ERISA § 406, 29 U.S.C. § 1106, when it, among things, approved a purchase price for ISCO stock that exceeded its fair market value.

Wilmington denies all of Plaintiffs' allegations in the Lawsuit, denies any wrongdoing regarding the ESOP Transaction, and has vigorously defended itself in the Lawsuit.

### THE TERMS OF THE SETTLEMENT

To avoid the additional expense, delay, and uncertainty of the outcome of the Lawsuit, Plaintiffs and the Settlement Class defined below, and Wilmington Trust have agreed to a Settlement that provides payments to Plan participants. These and other terms of the Settlement are set forth in the Class Action Settlement Agreement dated December 16, 2019 ("Settlement Agreement"), and are summarized below.

**THE CLASS COVERED BY THE SETTLEMENT. THE SETTLEMENT CLASS IS DEFINED AS: "ALL PERSONS WHO, AT ANY TIME, WERE VESTED PARTICIPANTS IN THE ISCO INDUSTRIES, INC. EMPLOYEE STOCK OWNERSHIP PLAN. EXCLUDED FROM THE SETTLEMENT CLASS ARE 2012**

**ISCO SHAREHOLDERS, 2018 ISCO SHAREHOLDERS, THE DIRECTORS OF ISCO, AND LEGAL REPRESENTATIVES, SUCCESSORS, AND ASSIGNS OF ANY SUCH EXCLUDED PERSONS." WHETHER A PERSON MEETS THIS DEFINITION OR NOT WILL BE BASED ON THE PLAN'S RECORDS. PERSONS MUST ALSO HAVE BEEN A PARTICIPANT DURING THE CLASS PERIOD IN ORDER TO BE COVERED BY THE SETTLEMENT CLASS. YOU HAVE RECEIVED THIS NOTICE BECAUSE, BASED UPON THOSE RECORDS, YOU ARE BELIEVED TO BE A MEMBER OF THE SETTLEMENT CLASS.**

1. The Payment and Allocation of the Settlement Fund:

   (a) Under the Settlement, Wilmington Trust will make a payment of $5,000,000 (the "Settlement Amount") to the Settlement Fund.

   (b) The Settlement Amount, and the interest and earnings thereon, shall be the "Gross Settlement Fund."

   (c) The "Net Proceeds" shall be the Gross Settlement Fund less:

   (1) Administrative Expenses, which include amounts requires to pay taxes; to administer the Settlement Fund Account; to issue notice of the Settlement and communicate with Class Members; and make payments to the Class Members;

   (2) Attorneys' Fees, which shall not exceed 33% of the Settlement Amount, and $645,000 in expenses, for a total not to exceed $2,500,000;

   (3) Attorneys' expenses together with the attorneys' fees, shall not exceed 50% of the Settlement Amount; and

   (4) Service Awards to the Named Plaintiffs in amounts not to exceed $15,000 for each Named Plaintiff.

   (d) The Net Proceeds will be allocated and distributed in accordance with the Plan of Allocation approved by the Court, a copy of which is available on the website established by the Settlement Administrator as indicated below. A Settlement Class Member's share of the Net Proceeds will be based on the number of shares of ISCO stock allocated to their ESOP account as of (1) the day prior to the Plan's termination and sale of such stock, or (2) if the Class Member received a prior distribution of the Class Member's entire account balance, the number of shares of ISCO stock allocated to their ISCO ESOP account as of the date of the prior distribution; divided by the sum total of all shares of ISCO stock included in (1) and (2) above shall constitute that Class Member's "Entitlement Percentage." The Settlement Class Member's benefit shall be calculated by multiplying the total value of the Net Proceeds by his or her Entitlement Percentage. .

If previously allocated shares have been reallocated to Settlement Class Members from the accounts of Settlement Class Members who exited the Plan during the Class Period, those shares will be attributed only to the accounts of the Settlement Class Members in which allocating initially occurred, and not to the accounts to which such shares have been subsequently reallocated. Settlement Class Members will not need to submit a claim to receive payment. Payments will be calculated and allocated to Class Members' ESOP accounts based on Plan records. Settlement Class Members with a current account in the Plan will receive a deposit into their Plan account. Settlement Class Members who no longer have an account in the Plan will receive a payment from the Settlement Administrator, with the option to deposit the funds in an Individual Retirement Account.

2. <u>Class Members' Release of Claims.</u> In exchange for payment of the Settlement Amount by Wilmington Trust and satisfaction of the conditions contained in the Settlement Agreement, all Settlement Class Members and the Plan will release (or give up) any claims that were or could have been asserted in the Lawsuit, that in any way relate to the ISCO ESOP's investment in or divestiture of the Stock of ISCO, including but not limited to claims related to the ISCO ESOP Transaction, the 2012 ISCO Shareholders, the 2018 ISCO Shareholders, or the termination of the ISCO ESOP. Settlement Class Members and any successor trustee will be prohibited from bringing or pursuing any other lawsuits or actions based on such claims against Wilmington Trust, ISCO, the 2012 ISCO Shareholders, the 2018 ISCO Shareholders, Steve James and the named and functional fiduciaries of the ISCO ESOP. The Releases and the Covenant not to sue are set forth in full in the Settlement Agreement, which can be viewed online at [website], or requested from Class Counsel.

### STATEMENT REGARDING THE POTENTIAL OUTCOME OF THE LAWSUIT

As with any Lawsuit, the Plaintiffs and Wilmington Trust would face an uncertain outcome if the Lawsuit were not settled. Continued litigation could result in a judgment greater or less than the amount obtained in the Settlement, or in no recovery at all. The Plaintiffs and Wilmington Trust disagree about whether Wilmington Trust did anything wrong, and they do not agree on the amount, if any, that would be recoverable even if Plaintiffs prevailed at trial. Wilmington Trust has denied, and continues to deny, all claims and contentions of the Plaintiffs in the Lawsuit, has denied, and continues to deny, any wrongdoing or liability whatsoever, and is entering into the Settlement solely to avoid the cost, disruption and uncertainty of litigation. A settlement avoids the expense, further delay and uncertainty of a trial and gives money to Settlement Class Members more quickly. The Plaintiffs and the attorneys for the Settlement Class think the Settlement is best for all Settlement Class Members.

### THE SETTLEMENT APPROVAL PROCESS

The Court has granted preliminary approval of the proposed Settlement, and has approved this Notice to the Class. The Settlement will not take effect, however, until it receives final approval from the Court after an opportunity for Settlement Class Members to object, as

described below. Following the deadline for objecting to the Settlement, the Court will hold a Fairness Hearing on _____, 2020 at the United States District Court, located at 844 N King Street, Unit 9, Room 6325, Wilmington, Delaware 19801 in Courtroom 6A. The date and location of the Fairness Hearing is subject to change by order of the Court, which will appear on the Court's docket for this Lawsuit.

### THE OPPORTUNITY TO OBJECT TO THE SETTLEMENT

If you are a Settlement Class Member, you can object to the Settlement if you do not like any part of it. To object, you must send your objection to the Clerk, U.S. District Court for the District of Delaware, 844 North King Street, Wilmington, Delaware 19801, Unit 9, Room 6325 and to the Parties at the following addresses:

**To Class Counsel:**

Gregory Y. Porter
Bailey & Glasser, LLP
1055 Thomas Jefferson Street, NW
Suite 540
Washington, DC 20007

**To Defendant's Counsel:**

Michael Prame
Groom Law Group, Chartered
1701 Pennsylvania Avenue, NW
Washington, D.C. 20006

Settlement Administrator

KCC, LLC
P.O. Box 0000
City, State 00000-0000

Objections must be filed with the Court by _____, (21 days before the Fairness Hearing). Objections filed after that date will not be considered. To be valid, the objection must set forth, in clear and concise terms: (a) the case name and number (*Swain, et al. v. Wilmington Trust N.A.*, No. 17-cv-071-RGA-MPT); (b) the name, address, and telephone number of the objector objecting and, if represented by counsel, of his or her counsel; (c) the complete basis for objection; (d) a statement of whether the objector intends to appear at the Fairness Hearing, either with or without counsel; (e) a statement of whether the objection applies only to the objector, to a specific subset of the class, or to the entire class, and (f) copies of all supporting documents.

Any Class Member who files and serves a written objection in accordance with Paragraph 11 of this Order may appear, in person or by counsel, at the Fairness Hearing, to show

cause why the proposed Settlement should not be approved as fair, adequate, and reasonable, but only if the objector: (a) files with the Clerk of the Court a notice of intention to appear at the Fairness Hearing by the objection deadline ("Notice of Intention to Appear"); and (b) serves the Notice of Intention to Appear on Class Counsel and Defense Counsel by the objection deadline.

The Notice of Intention to Appear must include copies of any papers, exhibits, or other evidence that the objector will present to the District Court in connection with the Fairness Hearing. Any Class Member who does not file a Notice of Intention to Appear in accordance with the deadlines and other specifications set forth in the Settlement Agreement and Class Notice shall be deemed to have waived his or her right to appear.

Any Class Member who does not make his or her objection in the manner provided shall be deemed to have waived such objection, shall not be permitted to object to any terms or approval of the Settlement at the Fairness Hearing, and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the proposed Settlement as incorporated in the Settlement Agreement, and to the award of attorneys' fees and expenses to Class Counsel and the payment of a Service Award to the Class Representatives for their representation of the Class, unless otherwise ordered by the Court. Responses to objections shall be filed 10 days before the Fairness Hearing

The Court will consider Settlement Class Member objections in deciding whether to grant final approval. Settlement Class Members who do not comply with these procedures, or who miss the deadline to file an objection, lose the opportunity to have their objection considered by the Court or to appeal from any order or judgment entered by the Court regarding the Settlement.

### ATTORNEYS' FEES AND SERVICE AWARDS FOR NAMED PLAINTIFFS

The attorneys for the Plaintiffs and the Settlement Class ("Class Counsel") are:

> Gregory Y. Porter
> Ryan T. Jenny
> Patrick O. Muench
> Bailey & Glasser, LLP
> 1055 Thomas Jefferson Street, NW
> Suite 540
> Washington, DC 20007
>
> David A. Felice
> Bailey & Glasser, LLP
> Red Clay Center at Little Falls
> 2961 Centerville Road, Suite 302
> Wilmington, DE 19808

Class Counsel will seek an award of attorneys' fees of no more than 33% of the Settlement Amount. Class Counsel will also seek reimbursement of litigation expenses, including the cost and expense of any service company, expert, or consultant retained by

Plaintiffs' Counsel. The aggregate amount of the attorneys' fees and litigation expenses shall not exceed 50% of the Settlement Amount. Class Counsel shall also seek Service Awards for the named Plaintiffs from the Settlement Amount of up to $15,000 each. The fee application and supporting papers will be filed on or before 45 days before the Fairness Hearing. After that date you may review the application and supporting papers at [website]. You may file an objection to the request for attorneys' fees and expenses and to the Service Awards under the same procedures for objecting to the Settlement. Any attorneys' fees, expenses and Service Awards approved by the Court, and the expenses incurred by the Settlement Administrator in sending this Notice and otherwise administering the Settlement, will be paid from the Gross Settlement Fund.

### GETTING MORE INFORMATION

You can visit the website at [website], where you will find the full Settlement Agreement, the Court's order granting Preliminary Approval of the Settlement, this Notice, and other relevant pleadings and documents. If you cannot find the information you need on the website, you may also contact Class Counsel for more information.

### WHAT IF MY ADDRESS OR OTHER INFORMATION HAS CHANGED OR CHANGES AFTER I RECEIVE MY NOTICE?

It is your responsibility to inform the Settlement Administrator of your updated information so that a check may be sent to you if the Settlement is approved and you do not have an existing account balance in the ISCO ESOP. You may do so at this address: Swain v. Wilmington Trust, N.A., Settlement Administrator, KCC, LLC, P.O. Box 0000; City, State 00000-0000.

**Please do not contact the Court or ISCO. They may not be able to give you additional information.**

Dated: _____, 2019                By Order of the United States District Court
                                            District Judge Richard G. Andrews