# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SCOTT J. SWAIN and KENNY FIORITO, on behalf of the ISCO Industries Inc. Employee Stock Ownership Plan, and on behalf of a class of all other persons similarly situated,<br><br>　　　　　　Plaintiffs,<br><br>v.<br><br>WILMINGTON TRUST, N.A., as successor to Wilmington Trust Retirement and Institutional Services Company,<br><br>　　　　　　Defendant. | C.A. No. 17-071-RGA-MPT |

## **FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE**

Plaintiffs Scott J. Swain and Kenny Fiorito ("Plaintiffs" or "Class Representatives") have submitted a Motion for Final Approval of the Settlement set forth in the Class Action Settlement Agreement dated December 20, 2019 (the "Settlement Agreement"). Class Counsel has also submitted to the Court their Unopposed Motion For An Order Awarding Attorneys' Fees and Costs And Expenses To Class Counsel, and Service Awards to Class Representatives.

On January 21, 2020, this Court granted preliminary approval to the proposed class action settlement set forth in the Settlement Agreement. (D.I. 104 and 105) This Court also certified a Settlement Class for settlement purposes, approved the procedure for giving Class Notice to the members of the Settlement Class, and set a Final Approval Hearing to take place on June 5, 2020. The Court finds that due and adequate notice was given to the Settlement Class as required in the Court's Order.

The Court has reviewed the papers filed in support of the motion for Final Approval,

including the Settlement Agreement and exhibits thereto, the Amendment to Class Action Settlement Agreement dated June 4, 2020, memoranda and arguments submitted on behalf of the Settlement Class, and supporting affidavits, and memoranda and arguments submitted by members of the Settlement Class with objections to the motions.

On June 5, 2020, this Court held a duly noticed Final Approval Hearing to consider: (1) whether the terms and conditions of the Settlement Agreement are fair, reasonable and adequate; (2) whether a judgment should be entered dismissing the Settlement Class Members' Released Claims on the merits and with prejudice; and (3) whether and in what amount to award attorneys' fees and expenses to Class Counsel; and any award to the Class Representatives for their representation of the Class.

Based on the papers filed with the Court and the presentations made to the Court by the Parties and by members of the Settlement Class at the Final Approval Hearing, it appears to the Court that the Settlement Agreement is fair, adequate, and reasonable, and in the best interests of the Settlement Class.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1. **Definitions.**  This Judgment incorporates by reference the definitions in the Settlement Agreement, as amended, and all capitalized terms used, but not defined herein, shall have the same meanings as in the amended Settlement Agreement.

2. **Jurisdiction.**  This Court has jurisdiction over the subject matter of the Lawsuit and over all parties to the Lawsuit, including all Settlement Class Members, and venue in this Court is proper.

3. **No Merits Determination.**  By entering this Order, the Court does not make any determination as to the merits of this case.

4. **Settlement Class.**  Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby finally certifies this Lawsuit as a class action, with the Class defined as: all persons who, at any time, were vested participants in the ISCO Industries, Inc. Employee Stock Ownership Plan.  Excluded from the Settlement Class are 2012 ISCO Shareholders, 2018 ISCO Shareholders, the directors of ISCO, and legal representatives, successors, and assigns of any such excluded persons.

5. The Court finds, for settlement purposes only, that class certification under Fed. R. Civ. P. 23(b)(1)(B) is appropriate in that, in the settlement context: (a) the Members of the Settlement Class are so numerous that joinder of all Settlement Class Members in the class action is impracticable; (b) there are questions of law and fact common to the Settlement Class which predominate over any individual question; (c) the claims of the Class Representatives are typical of the claims of the Settlement Class; (d) the Class Representatives and their counsel will fairly and adequately represent and protect the interests of the Settlement Class; (e) the Settlement Class is ascertainable; and (f) individual adjudication by a class member disposes of, or substantially affects, the interests of absent class members.

6. **Designation of Class Representatives and Class Counsel.**  The Court confirms the prior appointments of the Plaintiffs Scott J. Swain and Kenny Fiorito as Class Representatives, and the law firm of Bailey & Glasser LLP, as Class Counsel.

7. **Settlement Approval.**  Pursuant to Rule 23(e), this Court hereby approves the Settlement and finds that it is, in all respects, fair, reasonable and adequate to the Parties. The Court further finds that the Settlement is the result of good faith arm's-length negotiations between experienced counsel representing the interests of the Parties.  Accordingly, the

Settlement is hereby finally approved in all respects, there is no just reason for delay, and the Parties are hereby directed to perform its terms.

8. **Dismissal with Prejudice.** Final Judgment is hereby entered with respect to the Released Claims of all Settlement Class Members, and the Released Claims are hereby dismissed in their entirety with prejudice and without costs, and the case shall be closed pursuant to Paragraph 20 of this Order.

9. **Releases.** The releases as set forth in section 3 of the Settlement Agreement as amended by the Amendment to Class Action Settlement Agreement dated June 4, 2020 and submitted to the Court (D.I. 121-1) together with the definitions in paragraphs 3.1 and 3.2 relating thereto are expressly incorporated herein in all respects and made effective by operation of this Judgment. The Court hereby approves the release provisions as contained and incorporated in section 3 of the Settlement Agreement as amended, including but not limited to the definitions of Released Claims and Releasees as amended. The Settlement Class Members and the Plan shall be deemed to have, and by operation of the Judgment shall have, fully, finally and forever released, relinquished and discharged all Released Claims as amended against the Releasees.

10. **Bar Order.** Plaintiffs and all members of the Settlement Class are hereby barred and enjoined from filing any claim or action against any Releasee based on a Released Claim as amended. The foregoing provision shall be a complete defense to any such lawsuit or claims against any of the Releasees.

11. **Approval of Class Notice.** The form and means of disseminating the Class Notice as provided for in the Order Preliminarily Approving Settlement and Providing for Notice constituted the best notice practicable under the circumstances, including individual notice to all

Settlement Class Members who could be identified through reasonable effort. Said Notice fully satisfied the requirements of Rule 23 and complied with all laws, including, but not limited to, the Due Process Clause of the United States Constitution.

12.     **Attorneys' Fees and Expenses.**  Plaintiffs and Class Counsel have moved for an award of attorneys' fees in the amount of $1,650,000 and costs and expenses of $776,280. The Court has considered this application separately from this Judgment. The Court finds that an award of $1,650,000 in attorneys' fees, and $776,280 in costs and expenses is fair and reasonable, and the Court approves of Class Counsel attorneys' fees, costs and expenses in these amounts to be paid from the Settlement Amount.

13.     The Court further finds that Service Awards for Mr. Swain in the amount of $15,000, and Mr. Fiorito in the amount of $15,000, are fair and reasonable, and the Court approves of the Service Awards in this amount. The Court directs the Settlement Administrator to disburse these amounts to Mr. Swain and Mr. Fiorito from the Settlement Amount as provided in the Settlement Agreement.

14.     **Use of Order.**  Neither this Order, the fact that a settlement was reached and filed, the Settlement Agreement, nor any related negotiations, statements or proceedings shall be construed as, offered as, admitted as, received as, used as, or deemed to be an admission or concession of liability or wrongdoing whatsoever or breach of any duty on the part of Wilmington Trust. This Order is not a finding of the validity or invalidity of any of the claims asserted or defenses raised in the Lawsuit.  In no event shall this Order, the fact that a settlement was reached, the Settlement Agreement, or any of its provisions or any negotiations, statements, or proceedings relating to it in any way be used, offered, admitted, or referred to in the Lawsuit, in any other action, or in any judicial, administrative, regulatory, arbitration, or other proceeding,

by any person or entity, except by the Parties and only the Parties in a proceeding to enforce the Settlement Agreement as amended.

15. **Continuing Jurisdiction.**  Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over the administration, consummation, enforcement, and interpretation of the Settlement Agreement, the Final Judgment, and for any other necessary purpose, including to ensure compliance with the Protective Order.

16. **Termination of Settlement.**  This Settlement Agreement may be terminated by either Party if (i) the Court declines to approve the Settlement by entering the Final Order, or (ii) the Final Order entered by the Court is reversed or modified in any material respect by any Appeal Proceeding, provided that the terminating party, within fourteen (14) calendar days from the date of such event, furnishes written notice to Plaintiffs' Counsel or Defendant's Counsel, as the case may be, of the termination of this Settlement, specifying the terms modified or not approved that give rise to the right to terminate.

If the Settlement Agreement is terminated, the following shall occur: (i) Plaintiffs' Counsel or Defendant's Counsel shall promptly after the date of termination of the Settlement Agreement notify the Court and return any Settlement Amount to the Defendant, except for amounts disbursed or incurred pursuant to Section 8.1; (ii) the Lawsuit shall for all purposes revert to its status as of the day immediately before September 25, 2019, and the Parties shall request a scheduling conference with the Court; and (iii) the Settlement shall be deemed void and of no further force and effect

17. **Implementation of the Settlement Agreement.**  The Parties are hereby authorized to implement the terms of the Settlement Agreement, as amended.

18. **Reasonable Extensions.** Without further order of this Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the amended Settlement Agreement.

19. **CAFA Notice.** Wilmington Trust has provided notification to all appropriate federal and state officials regarding the Settlement as required by 28 U.S.C. § 1715.

20. **Entry of Final Judgment.** There is no just reason for delay in the entry of this Order and Final Judgment and immediate entry by the Clerk of the Court is hereby directed.

21. **Action Closed.** The Clerk of the Court is hereby directed to close the Action.

IT IS SO ORDERED.


DATED:  June 9, 2020          /s/ Richard G. Andrews
                              THE HONORABLE RICHARD G. ANDREWS
                              UNITED STATES DISTRICT JUDGE